## EDITH MOREY v. SCHOOL BOARD OF INDEPENDENT SCHOOL DISTRICT NO. 492, AUSTIN PUBLIC SCHOOLS.

128 N. W. (2d) 302.

April 24, 1964—No. 39,103.

*Wm. J. Nierengarten*, for appellant.

*William J. Baudler, Baudler & Baudler, Hugh V. Plunkett, Jr.,* and *Plunkett & Plunkett,* for respondent.

*William E. Holcomb,* for Minnesota Education Association, amicus curiae.

*Peter S. Popovich, James E. Knutson,* and *Peterson & Popovich,* for Minnesota School Boards Association and Minnesota Association of School Administrators, amici curiae.

Frank T. Gallagher, C.

Appeal by the School Board of Independent School District No. 492, Austin Public Schools, Austin, Minnesota, from an order of the district court whereby a resolution passed by the board and purporting to terminate the teaching contract of Edith Morey was set aside and quashed and the matter remanded to the school board.

By this appeal the board seeks to have this court review the merits of its decision to terminate the contract. At the outset, our opinion is that the district court's order is not appealable as to the merits, for reasons following, and the only question properly before us is whether the trial court erred in remanding the case to the board. Accordingly, we set forth only those facts which pertain to our immediate holding and do not include facts which pertain solely to the merits.

On February 26, 1962, the school board gave written notice to the teacher that it proposed to terminate her teaching contract. The following reasons were recited in the notice:

"[1] Your teaching and social relationships with your fellow teachers and other school employees at the various schools in the District have been acrimonious in content and disruptive of productive school operations in the District.

\* \* \* \* \*

"[2] Your method of teaching grade school children has been harmful to the children, to the other teachers of such children and to the operation of the School District as a whole.

\* \* \* \* \*

"[3] Your actions, words and writings indicate a mental health problem on your part, concerning which you refuse to do anything.

\* \* \* \* \*

"[4] You have been insubordinate to your superiors in the school system for many months and continue to be so at the present time."

Pursuant to Minn. St. 125.12, subd. 3, a hearing was held by the school board at the teacher's request, and each party was permitted to present evidence and cross-examine witnesses. At the close of the hearing, March 29, 1962, the school board passed a resolution by a vote of

6 to 1 terminating the teacher's contract as of the end of the 1961-62 school year. A record was made of the hearing but the school board did not make findings of fact or otherwise state the grounds for its action.

The teacher appealed to the district court by writ of certiorari on the ground that the resolution was not supported by the evidence adduced at the hearing, was contrary to law, and was arbitrary, capricious, and unwarranted. The district court ordered that—

"* * * the resolution * * * is set aside and quashed and the * * * matter is remanded to the [school board] for such further proceedings as may be necessary in conformance with the following memorandum."

In the memorandum made a part of its order, the court discussed each of the four charges brought against the teacher, stating that there was no competent evidence upon which charges [2] and [3] could be sustained, and although charges [1] and [4] could have been found true on the basis of competent evidence, the board's action could not be sustained because it was unclear whether its decision was based on such evidence or on testimony containing gossip, hearsay, and improper conclusions. The memorandum then stated:

"* * * There were no findings of fact included in the resolution nor otherwise supplied.

"It may very well be that in certain cases findings of fact are not necessary. However, in this case we have no way of knowing that the Board resolved as it did on charges supported by the evidence. Certainly if the resolution was based on charges 2 and 3 it should not stand. In any event it is our opinion that the cases of Sellin v. City of Duluth, 248 Minn. 333, 80 N. W. 2d 67, and Johnson v. Village of Cohasset [263 Minn. 425, 116 N. W. (2d) 692], supra, required the Board to make findings of fact upon which their decision was based. Since this was not done the Board's resolution discharging the teacher cannot stand."

■ The initial and fundamental question before us is whether the trial court's order is an appealable order with respect to the merits of the school board's resolution terminating the teacher's contract. The

fact that both parties involved in this litigation may want a speedy determination of their rights and have briefed and argued the merits of the case cannot operate to confer juridiction upon this court. Butts v. Geisler, 242 Minn. 154, 64 N. W. (2d) 147; Village of Roseville v. Sunset Memorial Park Assn. Inc. 262 Minn. 108, 113 N. W. (2d) 857. Appeals to this court are governed by Minn. St. 605.09. Since the certiorari proceeding in the trial court below was a "special proceeding," the appealability of the order therein is to be determined by Minn. St. 1961, § 605.09(7),[1] which allowed an appeal "from a final order, affecting a substantial right, made in a special proceeding * * *."

In accordance with § 605.09(7), whether the merits of this case are properly before this court depends on whether the trial court's order was a "final" adjudication of the merits. The word "final," when used to designate the effect of a judgment or order, means that the matter is conclusively terminated so far as the court issuing the order is concerned. In re Trust Created by Will of Enger, 225 Minn. 229, 30 N. W. (2d) 694, 1 A. L. R. (2d) 1048. In the instant case it appears that the trial court's order, of which the court's memorandum was made a part, determined (a) that the resolution could not stand and (b) that the school board must make findings of fact. However, the fact that the trial court's order may be appealable under § 605.09(7) with respect to the requirement that findings of fact be made does not render the order appealable as to the merits. We have often held that an order which is appealable in part and nonappealable in part presents only the appealable part for review.[2] The plain meaning of § 605.09(7) is that each matter raised on appeal must have been determined with finality and must affect a substantial right.

We do not think the trial court's order, viewed as a whole, can be fairly interpreted as a final adjudication of the merits of the school

[1] Johnson v. City of Minneapolis, 209 Minn. 67, 295 N. W. 406; State ex rel. Ging v. Board of Education, 213 Minn. 550, 7 N. W. (2d) 554.

Minn. St. 1961, § 605.09, was amended by L. 1963, c. 806, § 8, and appeals from orders made in special proceedings are now governed by Minn. St. 605.09(g).

[2] See cases collected in 1 Dunnell, Dig. (3 ed.) §§ 296a, 296b.

board's decision terminating the teacher's contract. It cannot be denied that the trial court discussed each of the four charges against the teacher and indicated that in its opinion the evidence was sufficient to sustain two charges but insufficient to sustain two others. Still, we think the only reasonable construction to be given the order is that the case was being remanded for findings of fact with judgment on the merits reserved until the findings were made. The court said, in effect, that it did not know which charge or charges formed the basis for the school board's action and therefore it could not review the merits. True, the school board's resolution was set aside and quashed. But this was not based on a final determination by the trial court that the evidence failed to sustain the resolution passed by the school board. It appears to us that the resolution was set aside and quashed provisionally—that is, until such time as the school board makes findings of fact and they are submitted to the trial court so that it can decide the merits with finality, either by reinstating the resolution or by conclusively setting it aside. The proceedings before the school board were continued by the trial court's remand. As was said in State ex rel. Ging v. Board of Education, 213 Minn. 550, 589, 7 N. W. (2d) 544, 564:

"* * * The remand is made to permit further evidence to be taken or additional findings to be made in accordance with the applicable law.

" 'Such a remand does not dismiss or terminate the administrative proceeding.' [Citing Ford Motor Co. v. National L. R. Board, 305 U. S. 364, 374, 59 S. Ct. 301, 307, 83 L. ed. 221, 230.]"

■ The only question we consider to be properly before us under § 605.09(7) is whether the trial court erred in requiring the school board to make finding of fact. The trial court's order was clearly "final" with respect to this matter, and it appears to us to affect a "substantial right."

The school board quotes 73 C. J. S., Public Administrative Bodies and Procedure, § 152, as follows:

"* * * In the absence of a statute requiring it, it has been held that it is not strictly necessary that an administrative agency give reasons for its action, although it is good practice and helpful in interpreting the agency's motives."

Since Minn. St. 125.12 does not require the making of findings of fact, the school board contends that whether or not they are made is solely within its discretion and that a reviewing court is unable to require that they be made.

The trial court relied upon Sellin v. City of Duluth, *supra,* and Johnson v. City of Cohasset, *supra.* In the Sellin case the civil service board failed to make findings of fact in conjunction with a hearing which resulted in the discharge of an employee of the city of Duluth. We clearly indicated that findings were necessary by saying (248 Minn. 341, 80 N. W. [2d] 73):

"* * * Apparently no record of any kind was made of the hearing; further, the board made no findings of fact and from the brief notation made of the hearing it was reluctant to do so. In view of this situation we must point out that the board of its own initiative should now grant a further hearing. At such a hearing an adequate record of the proceedings should be made, and the board should make findings of fact on which it bases its final determination. If this is not done, the plaintiff has the right to go to the district court on a writ of certiorari, where the case may be remanded to the board with directions to find the facts necessary to the board's determination of the case."

This statement was reiterated in the Johnson case, in which an employee discharged by the village of Cohasset brought an action to require the village to give him an impartial hearing concerning the discharge. Neither of these cases involved statutes which required the making of findings of fact.

The school board asserts that the statements quoted from the Sellin case are obiter dicta. Even if this is so, we nevertheless rely upon them as expressions of the better rule. In 2 Davis, Administrative Law Treatise, § 16.05, it is said:

"The practical reasons for requiring administrative findings are so powerful that the requirement has been imposed with remarkable uniformity by virtually all federal and state courts, irrespective of a statutory requirement."[3]

---

[3] In addition to the cases cited in 2 Davis, Administrative Law Treatise,

The case before us clearly demonstrates the necessity for the rule.

With respect to the merits of a school board's discharge of a teacher, we said in the Ging case (213 Minn. 571, 7 N. W. [2d] 556) that a court's scope of review is—

"* * * necessarily confined to * * * whether the order or determination * * * was arbitrary, oppressive, unreasonble, fraudulent, under an erroneous theory of law, or without any evidence to support it. A court cannot put itself in the place of the board, try the matter de novo, and substitute its findings for those of the board. [Citations omitted.]"

In a case such as the present one, where the school board, acting in a quasi-judicial capacity, might have based its resolution on any or all of several grounds, findings of fact are vital to prevent substitution of the reviewing court's judgment for that of the school board's. Without findings of fact, the trial court had no way of knowing upon which of the four charges the school board based its decision. If the trial court were to review the merits of the case without findings of fact, there would be no safeguard against judicial encroachment on the school board's function since the trial court might affirm on a charge rejected by the school board.

We conclude that the trial court properly remanded the matter to the school board for findings of fact. When such findings are made they should not only set out the specific charge or charges upon which the school board based its decision, but also those basic facts reported in the transcript of the proceedings which, in the school board's judgment, support the charge or charges.[4]

The appeal, in so far as it seeks review of the merits of the discharge, is dismissed. The order of the district court remanding for findings of fact is affirmed.

---

§ 16.05, see, also, Robinson v. Town Council of Narragansett, 60 R. I. 422, 199 A. 308; Erie Lighting Co. v. Pennsylvania Public Utility Comm. 131 Pa. Super. 190, 198 A. 901; Berg v. Zoning Board of Review, 64 R. I. 290, 12 A. (2d) 225; Protomastro v. Board of Adjustment, 1 N. J. Super. 102, 62 A. (2d) 694; Pennsylvania R. Co. v. Pennsylvania Public Utility Comm. 187 Pa. Super. 590, 146 A. (2d) 352; and Annotation, 146 A. L. R. 209.

[4]See, 2 Davis, Administrative Law Treatise, § 16.06.