EDITH MOREY v. SCHOOL BOARD OF INDEPENDENT SCHOOL DISTRICT NO. 492, AUSTIN PUBLIC SCHOOLS.

148 N. W. (2d) 370.

February 10, 1967—No. 40,335.

*William J. Nierengarten* and *Gislason, Reim, Alsop & Dosland,* for appellant.

*Baudler & Baudler, William J. Baudler, Plunkett & Plunkett,* and *Hugh V. Plunkett, Jr.,* for respondent.

*Peter S. Popovich, James E. Knutson,* and *Peterson & Popovich,* for Minnesota School Boards Association, amicus curiae.

KNUTSON, CHIEF JUSTICE.

This is an appeal from an order of the district court denying appellant school board's motion to reinstate its resolution terminating the contract of respondent, Edith Morey, as one of its teachers. This is the third time this case has been before this court. In Morey v. School Board of Ind. School Dist. No. 492, 268 Minn. 110, 128 N. W. (2d) 302, we affirmed the decision of the trial court remanding the case to the board for findings of fact. In Morey v. School Board of Ind. School Dist. No. 492, 271 Minn. 445, 136 N. W. (2d) 105, we affirmed the decision of the trial court refusing to reinstate the resolution because the findings of fact were insufficient. The facts are sufficiently stated in the prior opinions of this court so that repetition here is not required. In denying a petition for rehearing in the second appeal we ordered—

"* * * [t]hat appellant school district be instructed that the effect of the decision is the same as in the first Morey case decided by this court and that the said school district may proceed further or dismiss it as it chooses."

After the return to the trial court from the second appeal, counsel for the board prepared more detailed findings and submitted them to the board before there had been any consideration of the record at all. Without notice to respondent or any appearance by her or her counsel, the board proceeded to adopt such findings, without amendment, on the same record as that on which the prior resolution and findings were based. The trial court again held the findings insufficient and stated in the memorandum made part of its order denying the motion to reinstate the resolution:

"The findings have been adopted without the taking of further evi-

dence and on the same record that was submitted to this Court on January 28, 1963 and July 14, 1964. * * * It is apparent then that the findings submitted herewith are based upon hearsay, gossip, incompetent and remote evidence. We are of the opinion as we indicated in the memorandum filed October 9, 1964, that charges two and three are not sustained by the evidence and that although there is some competent evidence relating to charges one and four that the board in making its findings on charges one and four relied upon incompetent evidence to such an extent that their findings on these charges cannot be sustained. The resolution of the board is, therefore, arbitrary and cannot stand."

This appeal followed.

It is obvious to us—and we think any fair consideration of the record and the action of the board over all this period of time can lead to no other conclusion—that the board had determined to terminate the contract of Miss Morey before there was any hearing. The original resolution and the findings in the second case and this case are not the result of a fair consideration of the evidence at all. We agree with the trial court that what evidence there is to substantiate any of the charges is so polluted by gossip, hearsay, and rumor, having no probative value, that it is impossible to determine whether the board based its findings, such as they are, on probative evidence or on matters that should have been excluded in the first place, if in fact it considered the evidence at all.

Minn. St. 125.12, subd. 3, provides in part:

"* * * [B]efore a teacher's contract is terminated by the board, the board shall notify the teacher in writing and state its reason for the proposed termination. Within ten days after receipt of this notification the teacher may make a written request for a hearing before the board and it shall be granted before final action is taken."

A hearing in this context, the same as elsewhere, if it means anything, must mean a fair hearing based upon evidence having probative value. It may be unfortunate that under this provision the hearing afforded a teacher becomes of somewhat less value when the same board that prefers the charges against her sits in judgment upon the hearing. It is even more futile where, as here, the final determination is based on evidence

that would not be admissible in any court of law. If such hearing is to be meaningful it probably ought to be conducted by an impartial tribunal, not by the board that prefers the charges. The final determination ought to be based on reliable evidence, even though the technical rules of evidence in court trials need not be followed.

It must be evident that the result of any further consideration of the record heretofore made is a foregone conclusion. It may be too much to ask those who prefer the charges to act as impartial triers of the facts, but we are convinced that the so-called hearing involved in this case did not follow even minimum rules of fair play, and is arbitrary and a nullity. The case must come to an end sometime. The board may either dismiss the matter or hold a new hearing observing these minimum requirements of fair play and base its determination on evidence that has some probative value and relevance.

The decision of the trial court is affirmed.