## INDEPENDENT SCHOOL DISTRICT NO. 316 v.
## ARNOLD F. ECKERT.

161 N. W. (2d) 692.

September 27, 1968—No. 40,997.

*John P. Weber,* for appellant.
*Spellacy, Spellacy & Lano* and *Neal A. Lano,* for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Rogosheske, JJ.

OTIS, JUSTICE.

This is an appeal from a judgment dismissing a writ of certiorari reviewing the dismissal of an honorably discharged veteran from employment with plaintiff school district. The issue is whether the dismissal of the veteran was rendered invalid because one of the members of the

reviewing panel was on the school board which employed relator and the review panel failed to make formal findings of fact.

Relator had been employed by Independent School District No. 316 at Coleraine, Minnesota, since September 1958. On February 17, 1967, he was given written notice by Joe Burich, the superintendent of schools, that proceedings to dismiss him had been initiated for the following reason:

"Misconduct, consisting of fighting with a fellow employee in the hall of the Vandyke Elementary School in the presence of professional personnel, while school was in session on February 1, 1967, at approximately 3:00 p. m."

In that notice the school board advised relator that a hearing would be conducted pursuant to Minn. St. 197.46 before a board of three persons, one appointed by the school district, one to be appointed by relator, and the third to be selected by the first two.[1] The notice concluded by stating that the school board had chosen Allan P. Kosak to represent it on the panel.

On March 10, 1967, the hearing was conducted in the Greenway High School building at Coleraine. The panel consisted of Allan P. Kosak, then chairman of the employer, Independent School District No. 316; Ronald Aronson, selected by relator; and Robert Lynch, a businessman from Calumet, selected by the first two. Also in attendance was Neal A. Lano, an attorney who appeared at the request of Mr. Burich to advise the panel on how it should proceed under the statute. Relator, Eckert, was not represented by counsel, and for that reason Mr. Lano made it clear that he did not intend to participate as an advocate but only as an adviser to the entire panel. Keith Tok, business manager of the school district, ap-

---

[1] Pertinent provisions of Minn. St. 197.46 are as follows: "* * * No person holding a position by appointment or employment in the state of Minnesota or in the several counties, cities, towns, villages, school districts and all other political subdivisions or agencies thereof, who is an honorably discharged veteran, shall be removed from such position or employment except for incompetency or misconduct shown after a hearing, upon due notice, upon stated charges, in writing."

peared for the school district in an adversary capacity and conducted the examination of witnesses.

Before any testimony was taken, Mr. Lano made the following inquiry:

"Mr. Lano: And, Mr. Vober, inasmuch as you are speaking for Mr. Eckert, I should perhaps direct the question to both of you if you gentlemen are willing to proceed with the hearing tonight at this time with the panel as presently constituted? Let's see, I asked Mr. Burich if he was willing to proceed with the panel as constituted, and I asked the veteran, Mr. Eckert, and Mr. Vober, if they were willing to proceed.

"Mr. Vober: He is representing Mr. Eckert (indicating).

"Mr. Lano: Mr. Aronson. The record may show that Mr. Aronson represents Mr. Eckert's interest.

"Mr. Aronson: Yes.

"Mr. Lano: And, Mr. Aronson, are you willing to proceed with the panel as constituted?

"Mr. Aronson: Yes, I am.

"Mr. Lano: I might mention the reason I specify this is that these charges are brought on behalf of the School District, and Mr. Kosak as a member of the School Board is part of the municipality, and just so that there is no misunderstanding, I want to make it clear that everyone was willing to proceed with the panel as constituted."

Three witnesses testified that at 3 o'clock in the afternoon on February 1, 1967, at the Vandyke Elementary School, relator was engaged in a fight with a fellow employee, one Snyder, in the hallway of the school. One of the witnesses testified that relator was the aggressor. There was introduced in evidence as an exhibit rules and regulations adopted by the school board setting forth as grounds for discipline "fighting on school property at any time." Relator concluded his testimony with the following statements:

"Mr. Lynch: Did you at anytime receive that list showing the things that would be grounds for dismissal of an employee?

"A. Well, I presume I have all right. We get quite a few different ones, so I imagine I have received this one, yes.

"Mr. Lynch: Did you know that you could be dismissed for fighting on the school premises?

"A. Yes, I do.

"Mr. Lynch: You did know that?

"A. Yes, I did. I figured if you do this anywhere you are out of your work.

"Mr. Lynch: You knew that by fighting it could cause dismissal no matter where you worked.

"A. Yes, I have known that.

"Mr. Lynch: Did you throw the first punch in that fight?

"A. I believe I did, yes."

During the course of the interrogation, relator protested that he had been denied an opportunity to produce witnesses to prove provocation. However, over the objection of Mr. Tok, relator was permitted to recite in detail the events which led up to the incident for which he was dismissed. He acknowledged that any witnesses he had would have added nothing beyond corroboration. After adjourning for deliberation, the panel rendered the following decision:

"In the judgment of the panel, Mr. Aronson, Mr. Kosak and myself [Robert Lynch], we find that the Independent School District 316 has just cause for dismissal of Mr. Eckert, and we would rule that Mr. Eckert should be dismissed as an employee."

Relator sought review of his dismissal by certiorari to the district court. In his petition he alleged as a ground for relief the failure of the review board to make findings. He did not specifically challenge the propriety of having a member of the school board act as a member of the review panel. The trial court affirmed the dismissal. In a memorandum accompanying its decision, the court stated that the fact that a panel member was also on the school board was not fatal to the proceedings because relator had been advised of his rights and had consented to having Mr. Kosak act. The court also pointed out that Mr. Kosak's vote was not controlling since the decision was unanimous. With respect to the question of findings, the court was of the opinion that the only issue raised by the notice of discharge was the matter of fighting on school property, as

to which the testimony was not in dispute. The court concluded that the panel's decision was a sufficient finding to satisfy the requirements of the law.

■ Because of the patent impropriety of appointing one of the veteran's employers as a member of his review panel, it is with some hesitation we affirm the dismissal. In Johnson v. Village of Cohasset, 263 Minn. 425, 116 N. W. (2d) 692, we unequivocally condemned the very practice which was here followed. In so doing, we stated (263 Minn. 435, 116 N. W. [2d] 699):

"Section 197.46 is designed to protect honorably discharged veterans in public employment from the ravages and insecurity of a political spoils system. That a board created thereunder to hear charges of incompetency or misconduct against such a veteran should be impartial and without bias is implicit in such design. While it is obvious that a party to a proceedings before it might name as a representative thereon a person, who by reason of friendship or because of business or political interests would favor such party, this should be avoided as much as possible. Certainly, it would be no more fair for a municipality to appoint to such a board one of its officials than it would be for a veteran under attack to name himself as a member thereof. The principles here expressed may serve in some measure as a guide for governmental subdivisions and veterans in their employ in the creation of such boards under § 197.46."

However, for two reasons we hold that the appointment of Mr. Kosak does not require reversal in the instant case. First, the evidence was not actually in dispute. Relator admitted not only the misconduct charged but acknowledged that he was aware of the rules and regulations which forbade it. In so far as the review panel was charged with the responsibility for resolving conflicting testimony, it had no choice but to find the charge was proved.

Secondly, we have stated in similar proceedings that "except as limited by public policy a person may waive any legal right, constitutional or statutory." State ex rel. Johnson v. Independent School Dist. No. 810, 260 Minn. 237, 246, 109 N. W. (2d) 596, 602.

It is clear that relator waived his right to object by consenting to have

Mr. Kosak act on the panel after being advised that Kosak was a member of the school board. To the extent that Aronson "represented" relator on the panel, both parties were willing to proceed with members who were not entirely impartial. Nor can it be said that relator was taken by surprise, since he was advised of Kosak's appointment in the letter of February 17, some 3 weeks prior to the hearing.

■ Ordinarily, in matters of this kind we have required the review panel to make specific findings. Sellin v. City of Duluth, 248 Minn. 333, 80 N. W. (2d) 67.[2] Our reason for directing findings in Morey v. School Board of Independent School Dist. No. 492, 268 Minn. 110, 116, 128 N. W. (2d) 302, 307, were stated thus:

"* * * In a case such as the present one, where the school board, acting in a quasi-judicial capacity, might have based its resolution on any or all of several grounds, findings of fact are vital to prevent substitution of the reviewing court's judgment for that of the school board's. Without findings of fact, the trial court had no way of knowing upon which of the four charges the school board based its decision. If the trial court were to review the merits of the case without findings of fact, there would be no safeguard against judicial encroachment on the school board's function since the trial court might affirm on a charge rejected by the school board."

In the second Morey case we again found it necessary to remand for findings which we said should be stated with sufficient clarity and completeness to permit a reviewing court to determine whether the facts furnished justifiable reason for the board's decision.

"* * * An administrative board should not leave to the court the obligation 'to spell out, to argue, to choose between conflicting inferences. Something more precise is requisite in the quasi-jurisdictional findings of

---

[2] 2 Davis, Administrative Law Treatise, § 16.05, sets forth five reasons for requiring findings in administrative proceedings: (1) The facilitation of judicial review; (2) the prevention of judicial usurpation of administrative functions; (3) to protect against careless or arbitrary action; (4) to help parties plan their cases for rehearings and for judicial review; and (5) to keep the agencies within their jurisdiction.

an administrative agency.' " Morey v. School Board of Independent School Dist. No. 492, 271 Minn. 445, 450, 136 N. W. (2d) 105, 108.

The necessity for specific findings in the ordinary administrative hearing does not obtain in the case at hand. One issue was raised by the notice of discharge, namely, misconduct, consisting of fighting in a school hallway. That was the single question presented to the board in Mr. Lano's opening remarks and discussed by the board's witnesses. Relator readily acknowledged the facts but sought to prove provocation. This is not a case where more than one ground for dismissal has been presented and litigated and the appellate tribunal is in the dark as to what specific charge was found to be established by the evidence. As we have indicated, the record not only permits a finding of misconduct but virtually compels that conclusion. The panel advised relator that for purposes of rendering a decision it might be assumed he could corroborate his version of the provocation. Had there been an issue as to whether relator was acting in self-defense, we might have a different question. However, with or without provocation, his conduct was clearly prohibited by the rules and regulations and constituted ample justification for his dismissal.

While we do not approve of a decision which is not accompanied by findings, and adhere to the rules we have previously adopted in this regard, we find no error which is prejudicial or requires a reversal.

Affirmed.