STEVEN W. ANDERSON, BY FLOYD A. ANDERSON, HIS GUARDIAN AD LITEM, v. INDEPENDENT SCHOOL DISTRICT NO. 281 AND OTHERS.

176 N. W. (2d) 640.

April 17, 1970—Nos. 42043, 42450.

*LeVander, Zimpfer & Tierney* and *Paul W. Buegler,* for appellants. *Smith & Munro, Bernard P. Becker,* and *Luther A. Granquist,* for respondent.

*William B. Korstad* and *Korstad, Pokorny, Brophey & Lucas,* for Minnesota Association of School Administrators and Minnesota Association of Secondary School Principals, amicus curiae.

*Peter S. Popovich* and *Peterson & Popovich,* for Minnesota School Boards Association, amicus curiae.

Heard before Knutson, C. J., and Rogosheske, Sheran, Peterson, and Frank T. Gallagher, JJ.

PER CURIAM.

Plaintiff, Steven W. Anderson (hereafter Steven), then age 16, was a pupil in Robbinsdale High School in the school year 1968-1969. Defendant Independent School District No. 281 (hereafter School Board), an elected governing body, together with defendant LeRoy E. Hood, superintendent of schools, and defendant Robert Farrell, high school principal, administered the Robbinsdale High School.

The Robbinsdale school authorities had duly promulgated "School Policies on Use of Tobacco, Intoxicants, and Narcotics," which were communicated to all students in a school handbook. The rule governing smoking, in language similar to the rules governing the use of intoxicants and narcotics, reads:

"Tobacco: Smoking is a serious and costly habit. Minnesota State law says that a student cannot smoke until he is 18 years old. Smoking on school property (in the buildings, on school grounds, and in cars on school grounds) or at any school function, dance, or athletic event will be met with severe disciplinary action. A student found with cigarettes in his possession *shall be subject* to suspension until the parents return for a conference. A student who is smoking on school property, or at a school-sponsored function shall be suspended for three days and must be reinstated by a parent. The second offense in any one year will be met with a referral to court or a recommendation to the school board for expulsion from school for the remainder of the school year. Smoking offenses shall be recorded."

Steven violated this understandable school rule. He admittedly smoked on school property on September 24, 1968, at which time he was suspended; at the reinstatement conference with his father, Steven was reminded of the rule and warned of its expulsion sanction for repeated violation. A second offense occurred on January 10, 1969, at which time Steven was apprehended smoking, alone, in a school lavatory. He was promptly and indefinitely suspended by the school principal, but, for reasons not altogether clear, the principal's recommendation to the

School Board to expel Steven from school for the remainder of the school year was not made until 19 days later.

Suit was meanwhile commenced in district court on Steven's behalf for a judgment declaring that the rule "expelling a student from school for the balance of the school year for smoking twice" was void, for an order enjoining the School Board "from expelling plaintiff at its board meeting," and for an order enjoining defendants from "suspending or otherwise excluding" him from school. The Honorable Lindsay G. Arthur, Judge, after hearing, issued this injunctive order:

"Defendants are ordered to admit Steven to the regular educational program of the school from which he was suspended, or make provision for a comparable education elsewhere, subject to such reasonable counselling, educational, or disciplinary measures as the Defendants may deem appropriate for Steven's rehabilitation and the preservation of their governance."

The questions actually decided by the trial court, succinctly stated in its post-trial memorandum, are of less sweeping significance than might at first appear from the extensive discussion surrounding the issuance of the order. "The only legal question," Judge Arthur stated, is "[w]hen, if ever, can the actions of school authorities be reviewed by the courts?". He answered, "Courts may cancel an act of the school authorities only if that act is grossly unfair." "The only fact question here then," Judge Arthur stated, "is whether the act of the school authorities *as to this particular student in these particular circumstances* was grossly unfair." (Italics supplied.) The injunctive order itself was even more limited. The order clearly canceled the *suspension* imposed by the school principal, but it did not (at least in such explicit terms as any injunction should require) preclude the School Board from hearing[1] and determining the basic question of *expulsion* for cause, including Steven's violation of the no-smoking rule.[2]

---

[1] Although the necessity and nature of a hearing is not now in issue, attention is invited to Dixon v. Alabama State Bd. of Education (5 Cir.) 294 F. (2d) 150, certiorari denied, 368 U. S. 930, 82 S. Ct. 368, 7 L. ed. (2d) 193. See and compare, State ex rel. Ging v. Board of Education, 213 Minn. 550, 7 N. W. (2d) 544; Morey v. School Bd. of Independent School Dist. No. 492, 268 Minn. 110, 128 N. W. (2d) 302; Id., 271 Minn. 445, 136 N. W. (2d) 105; Id., 276 Minn. 48, 148 N. W. (2d) 370.

[2] As the following colloquy with counsel for plaintiff underscores, the absence of any clear reference to explusion in the injunctive order was hardly an oversight: "THE COURT: * * * The boy is apparently

This case is moot. The rule upon which the defendant school principal purported to act in suspending Steven contemplated a simultaneous recommendation to the School Board for his expulsion from school—but only for the remainder of the school year, which ended in June of 1969. Counsel for plaintiff and defendants disclosed on oral argument, moreover, that Steven has since voluntarily withdrawn from the school and is now gainfully employed full-time during this 1969-1970 school year. Because the matter is moot, defendants' appeals should be dismissed.

Appeals dismissed.

---

under suspension—an automatic suspension—for a second offense of smoking. As I understand it, he may be subject to expulsion when the School Board meets next week, and I understand then, from what the principal said, that the expulsion would be based upon all facts known to the Robbinsdale School Board.

\* \* \* \* \*

"The fact remains, Mr. Erlander, that you brought this action before the Court to enjoin the explusion; as of today there has been no expulsion. Now, are you asking the Court to rule today on an action that has not been taken?

"MR. ERLANDER: I would ask the Court to enjoin the School Board from expelling him."