# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A13-2030

Patrick Exner,
Relator,

vs.

Minneapolis Public Schools, Special School District No. 1,
Respondent.

**Filed July 14, 2014**
**Remanded**
**Cleary, Chief Judge**

Minneapolis Public Schools, Special School District No. 1

Thomas J. Conley, Law Office of Thomas J. Conley, Minneapolis, Minnesota; and
Andrew P. Muller, Muller and Muller, PLLC, Minneapolis, Minnesota (for relator)

Cindy Lavorato, Booth & Lavorato LLC, Minnetonka, Minnesota; and
Steven Liss, District General Counsel, Minneapolis Public Schools, Minneapolis,
Minnesota (for respondent)

Considered and decided by Cleary, Chief Judge; Reyes, Judge; and Stoneburner,

Judge.[*]

## S Y L L A B U S

When a school board terminates a teacher's employment in accordance with the

Teacher Tenure Act, Minn. Stat. § 122A.41 (2012), the board waives an argument that

the teacher was discharged because he did not have a valid employment contract.

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to
Minn. Const. art. VI, § 10.

## OPINION

**CLEARY**, Chief Judge

In this certiorari appeal, relator Patrick Exner challenges the decision of the school board of respondent Minneapolis Public Schools, Special School District No. 1 to terminate his employment as principal of Washburn High School. Exner argues that the termination decision must be reversed because the board failed to make specific and sufficient findings to support the decision and because the decision is arbitrary, unreasonable, and not supported by substantial evidence. We agree that the board failed to make sufficient findings, and we remand for additional findings.

## FACTS

Exner was employed by Ubah Medical Academy Charter School when he applied for the position of principal of Washburn. On July 31, 2013, Exner signed a contract that offered him employment as the principal of Washburn. The contract stated that his date of hire was July 31, 2013, and that his start date was August 4, 2013. The contract also stated, "This contract is subject to final approval by action of the School Board and must be returned by the applicant to the District's Human Resources Office within TEN DAYS from the date the offer was issued – otherwise the offer is revoked and the agreement is void." Exner complied with this provision by signing and returning the contract. The contract was signed on behalf of the district by a human resources employee, but was never signed by the clerk of the board.

On August 5, 2013, board members received an anonymous email that alleged that Exner engaged in "gross misconduct" and "multiple cases of academic dishonesty" while

2

proctoring computerized examinations at the charter school during the end of the 2012–13 school year. The writer of the email claimed that Exner reviewed and changed students' responses to exam questions and that his actions were witnessed by faculty members of the charter school. The writer further claimed that the charter school placed Exner on leave in June 2013 due to his actions. At some point, an additional allegation was made that Exner misrepresented his job title at the charter school on his application materials for the position of principal of Washburn. Exner claimed on his application and résumé that he was the "Academic Director" or "Principal" of the charter school. It was later alleged that his actual title was "associate director" and that he worked under the charter school's director and principal.

The board notified Exner that he was being placed on paid administrative leave effective August 6, 2013, in accordance with the Teacher Tenure Act, Minn. Stat. § 122A.41, to allow the district to "follow up" on "concerns relate[d] to alleged behavior in [Exner's] previous employment, and whether [he was] truthful during [the] recruitment, hiring[,] and selection process." The district held due-process meetings on August 6 and 28, 2013, during which Exner admitted that three students' exams that he proctored were invalidated because "[t]he testing environment was not secured." Exner denied helping students with the exams, entering any data, or changing any responses; he stated only that he submitted an exam for a student who left the testing area during the test. Exner admitted that the charter school placed him on paid leave in June 2013 "because there was an allegation about improper testing protocol," but he stated that he returned to work at the charter school in July. Following the meetings, the district

3

determined that it could not "more definitively conclude whether or not [Exner] did or did not in fact change test answers," but that he "did violate testing protocol," that this information was "very relevant" to his selection as principal of Washburn, and that he "should have disclosed this information" to the district.

On September 5, 2013, the board notified Exner that he was being released under Minn. Stat. § 122A.41, and that his employment as principal of Washburn would be terminated effective September 11, 2013. The letter stated that the termination would be confirmed during a board meeting to be held on September 10, 2013. As reasons for the termination, the letter listed:

> (1) During the recruitment and hiring process where you were selected to be Principal of Washburn High School, you were not entirely forthcoming with your accurate job title, job responsibilities, and various actions surrounding allegations related to student testing;
>
> (2) During our due process meeting on August 6, 2013, you were not entirely forthcoming with details relating to allegations made against you in your previous position; and
>
> (3) Your employment is contingent on your employment contract being approved by the Board of Education. To date, this has not occurred.

In a memorandum dated September 10, 2013, the superintendent of Minneapolis Public Schools recommended that the board discharge Exner from employment in accordance with Minn. Stat. § 122A.41, stating that "[t]he grounds for discharge of this probationary Principal [are] conduct unbecoming a teacher or insubordination or inefficiency in teaching or in the management of a classroom."

4

At the board meeting on September 10, 2013, the district's executive director of employee relations stated that "issues and allegations were raised regarding some actions of Mr. Exner in his previous place of employment." The executive director further stated:

> The more we looked into things we found that during the interview and recruitment process to bring Mr. Exner on board, he may not have been entirely forthcoming with information. He certainly did not bring up anything related to this issue during the recruitment process; nor was he entirely forthcoming in the interviews that he gave regarding his job duties, previous assignments[,] and things like that. There were also issues in the due process meetings where he may not have been forthcoming with information related to the information we were trying to gather from him.

The executive director concluded that the decision to release Exner from employment was made based on those issues, the fact that "we don't have a Board approved contract with him," and the fact that "he's a probationary principal." The board approved the superintendent's recommendation that Exner be released from employment effective September 11, 2013 for cause.

On October 28, 2013, Exner obtained a writ of certiorari for judicial review of the September 10, 2013 decision by the board. The district moved to discharge the writ and dismiss the appeal on the grounds that the board's decision was not quasi-judicial but a discretionary, administrative decision not to ratify Exner's probationary contract and that appellate review was precluded by Minn. Stat. § 122A.41, subd. 2(a). This court denied the motion on February 18, 2014, holding that the board weighed evidentiary facts and applied them to a prescribed standard in adopting the superintendent's recommendation

5

for discharge for cause and that, as a result, the board's decision was quasi-judicial and thus reviewable by certiorari.

## ISSUES

I.      Did the board waive the argument that Exner was discharged because he did not have a valid employment contract when it terminated his employment in accordance with the Teacher Tenure Act?

II.     Did the board make sufficient findings to permit appellate review of the termination decision?

## ANALYSIS

When reviewing a decision by a school board, this court must determine whether the decision is "fraudulent, arbitrary, unreasonable, not supported by substantial evidence on the record, not within its jurisdiction, or based upon an erroneous theory of law." *Harms v. Indep. Sch. Dist. No. 300, LaCrescent*, 450 N.W.2d 571, 574 (Minn. 1990). The decision is not reviewed de novo, and this court "may not substitute its judgment for that of the school board." *Atwood v. Indep. Sch. Dist. No. 51, Foley*, 354 N.W.2d 9, 11 (Minn. 1984).

**I.      The board waived the argument that Exner was discharged because he did not have a valid employment contract when it terminated his employment in accordance with the Teacher Tenure Act.**

Exner challenges the board's decision to terminate his employment in accordance with the Teacher Tenure Act. The district contends that Exner did not have a valid employment contract with the district because board approval was a condition precedent

6

to his contract and the contract was never approved by the board. The district claims that Exner was therefore an at-will employee, that his employment was not subject to the requirements of the Teacher Tenure Act, and that he could be discharged "for any reason or no reason at all."

A "condition precedent" is a condition "which is to be performed before the agreement of the parties becomes operative." *Crossroads Church of Prior Lake MN v. Cnty. of Dakota*, 800 N.W.2d 608, 615 (Minn. 2011) (quotation omitted). "A condition precedent calls for the performance of some act or the happening of some event after the contract is entered into, and upon the performance or happening of which its obligation is made to depend." *Id.* (quotation omitted). A party may unilaterally waive a condition precedent that is intended solely for that party's benefit and protection. *Dolder v. Griffin*, 323 N.W.2d 773, 778 (Minn. 1982); *Hanson v. Moeller*, 376 N.W.2d 220, 224 (Minn. App. 1985). Ignoring a contractual provision or acting in a way that is inconsistent with the provision can constitute a waiver. *See Valspar Refinish, Inc. v. Gaylord's, Inc.*, 764 N.W.2d 359, 367 (Minn. 2009); *Appollo v. Reynolds*, 364 N.W.2d 422, 424 (Minn. App. 1985).

The employment contract signed by Exner stated that it was subject to final approval by action of the board and was otherwise void. The board could have discharged Exner on the basis that it was simply declining to approve his employment contract. However, the board placed Exner on administrative leave, and later discharged him, acting in accordance with the provisions and requirements of the Teacher Tenure Act. The notifications sent to Exner stated that the board's actions were based on Minn.

7

Stat. § 122A.41. This rationale is wholly inconsistent with the district's theory on appeal that the board merely declined to approve the employment contract. The board waived the argument that a condition precedent was not satisfied and that the Teacher Tenure Act does not apply to Exner's discharge.

**II.    The board failed to make sufficient findings to permit appellate review of the termination decision.**

Exner maintains that the board failed to make specific and sufficient findings of fact to support its decision to terminate his employment and that the decision should therefore be reversed. The district does not contend that the board's findings are sufficient, but argues that, based on the entire record, the termination decision was justified and substantially fair.

"[A]n administrative board should state with clarity and completeness the facts and conclusions essential to its decision so that a reviewing court can determine from the record whether the facts furnish justifiable reason for its action." *Morey v. Sch. Bd. of Indep. Sch. Dist. No. 492, Austin Pub. Sch.*, 271 Minn. 445, 450, 136 N.W.2d 105, 108 (1965); *see also Dokmo v. Indep. Sch. Dist. No. 11, Anoka-Hennepin*, 459 N.W.2d 671, 675 (Minn. 1990) (stating that a school board "must make specific findings supporting its decision"). "[W]here the school board . . . might have based its resolution on any or all of several grounds, findings of fact are vital to prevent substitution of the reviewing court's judgment for that of the school board's." *Morey v. Sch. Bd. of Indep. Sch. Dist. No. 492, Austin Pub. Sch.*, 268 Minn. 110, 116, 128 N.W.2d 302, 307 (1964). If the

8

school board's findings are insufficient, the case may be remanded for additional findings to be made.  *Dokmo*, 459 N.W.2d at 675.

The Teacher Tenure Act reads, in relevant part:

> [C]auses for the discharge or demotion of a teacher either during or after the probationary period must be:
> (1) immoral character, conduct unbecoming a teacher, or insubordination;
> (2) failure without justifiable cause to teach without first securing the written release of the school board having the care, management, or control of the school in which the teacher is employed;
> (3) inefficiency in teaching or in the management of a school . . . ;
> (4) affliction with active tuberculosis or other communicable disease must be considered as cause for removal or suspension while the teacher is suffering from such disability; or
> (5) discontinuance of position or lack of pupils.

Minn. Stat. § 122A.41, subd. 6(a); *see also id.*, subd. 1(a) (defining the term "teacher" to include a person employed as a principal).

The district's superintendent recommended that the board discharge Exner from employment in accordance with Minn. Stat. § 122A.41, subd. 6(a)(1) and (a)(3), stating that "[t]he grounds for discharge of this probationary Principal [are] conduct unbecoming a teacher or insubordination or inefficiency in teaching or in the management of a classroom."  The board approved the recommendation that Exner be released from employment, but the record does not indicate that the board adopted the superintendent's recommended grounds for termination or ever mentioned or considered any of the permissible causes for discharge listed in section 122A.41, subdivision 6(a).  The board failed to make specific findings to support its decision to terminate Exner's employment

9

in accordance with the Teacher Tenure Act. Without an adequate explanation of the cause for termination, this court cannot determine whether the board's decision was "fraudulent, arbitrary, unreasonable, not supported by substantial evidence on the record, not within its jurisdiction, or based upon an erroneous theory of law." *See Harms*, 450 N.W.2d at 574. We therefore remand to permit the board to make additional findings regarding the termination of Exner's employment, based on the evidence that was before it when it made the termination decision. *Cf. Woodrich Constr. Co. v. State*, 287 Minn. 260, 264, 177 N.W.2d 563, 565 (1970) (remanding for additional findings based on the present record).

## D E C I S I O N

Because the board terminated Exner's employment in accordance with the Teacher Tenure Act, Minn. Stat. § 122A.41, it waived the argument that Exner was discharged because he did not have a valid employment contract. Because the board failed to make sufficient findings to permit appellate review of the termination decision, we remand for additional findings. The board must base its additional findings on the evidence that was before it when it made the termination decision.

**Remanded.**