431 F.2d 971
 Louis W. GORMAN, Plaintiff-Appellant,
v.
Robert O. LUKOWSKY, John J. O'Hara, Lawrence W. Grause,
Arnold Taylor, G. Wayne Bridges, Wilbert L.
Ziegler, and William L. Schmaedecke,
Defendants-Appellees.
 No. 20054.
 United States Court of Appeals, Sixth Circuit.
 July 30, 1970.
 
 William H. Bixler, Covington, Ky., for plaintiff-appellant.
 William O. Bertelsman, Newport, Ky., for defendants-appellees; O'Hara and Schmaedecke, Bertelsman & Bertelsman, Newport, Ky., on brief.
 Before PHILLIPS, Chief Judge, and CELEBREZZE and PECK, Circuit Judges.
 PHILLIPS, Chief Judge.
 
 
 1
 An attorney who was defeated in an election for a circuit judgeship in Kenton County, Kentucky, filed this suit alleging deprivation of his civil rights under 42 U.S.C. 1983.[1] District Judge Mac Swinford dismissed the action on the ground that the complaint and amended complaint do not state a cause of action. This appeal is from that decision.
 
 
 2
 The defendants are the incumbent circuit judge, who was victorious in his campaign for re-election; three attorneys who served as chairman and co-chairmen of the election campaign of the victorious candidate; and the President and certain other officers of the Kenton County Bar Association.
 
 
 3
 The complaint avers that the defendant and officers of the Kenton County Bar Association conducted a poll among its members concerning the qualifications of plaintiff-appellant and the incumbent circuit judge. The results of the poll were highly unfavorable to plaintiff-appellant, who had been a practicing attorney at Covington, Kentucky, for more than a quarter century. Thereafter the campaign chairman and co-chairmen for the incumbent circuit judge inserted two large advertisements in The Kentucky Post and Times Star showing the results of the poll, indicating that in the opinion of the members of the Kenton County Bar Association the legal knowledge of plaintiff-appellant rated five per cent as compared to 95 per cent for that of his opponent.
 
 
 4
 The complaint charges that the poll was conducted without the knowledge or consent of plaintiff-appellant and that as a result of the poll and the newspaper advertisements he was portrayed as lacking the qualifications for the office of judge. It is averred that the defendant officers of the Bar Association conspired with the other defendants to defame the character, reputation and good name of the plaintiff-appellant and to diminish public opinion and confidence in him as a candidate for circuit judge. The amended complaint charged defendants with violation of the canons of legal ethics.
 
 
 5
 Accepting the factual averments of the complaint as true and reading them in a light most favorable to plaintiff-appellant, we agree with the District Judge that the complaint does not state a cause of action under the Civil Rights Act. This suit is essentially an action for libel and not for deprivation of civil rights. In Hopkins v. Wasson, 227 F.Supp. 278 (E.D.Tenn.), aff'd, 329 F.2d 67 (6th Cir.), it was held that an action for common law slander is not within the ambit of the Civil Rights Act.
 
 
 6
 Any lawyer who offers himself as a candidate for judicial office submits his qualifications to public scrutiny. A committee of the American Bar Association makes an investigation and report concerning the qualifications of lawyers under consideration for appointment to the federal judiciary. It is a common practice for members of state and local bar associations to be called upon to express opinions as to the qualifications of lawyers for judicial office. Lawyers are in a unique position to evaluate the qualifications of another lawyer for service as a judge. We hold that this type of activity by a Bar Association or its officers and committees does not give a defeated or discredited lawyer any right of action under the Civil Rights statute.
 
 
 7
 Affirmed.
 
 
 
 [1]
 42 U.S.C. 1983
 'Every person who under color of any statute, ordinance, regulation, custom, or usage, of any state or territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.'