821 F.2d 649
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jimmy BURDEN, Plaintiff-Appellant,
v.
Counselor POLLACK, Defendant-Appellee.
 No. 86-2018
 United States Court of Appeals, Sixth Circuit.
 June 23, 1987.
 
 Before KENNEDY and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 
 1
 This matter is before the court upon consideration of this pro se plaintiff's appeal from a judgment of the district court which dismissed his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. Plaintiff has also moved for the appointment of counsel. Upon a review of the record and plaintiff's brief, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff, who was formerly incarcerated at the Jackson State Prison, filed a complaint pursuant to 42 U.S.C. Sec. 1983 in the district court for the Eastern District of Michigan. Although inartfully pleaded, the complaint insofar as it concerned defendant, a counselor at the prison, alleged that he had defamed plaintiff by making a statement questioning his mental or emotional stability. In addition, the complaint also made vague references to various acts of corruption and discrimination on the part of unnamed officials at the prison and plaintiff's attempts to expose those practices. The exact relationship between defendant's allegedly defamatory statement and the illegal activities by the other penal officials remained unspecified, however. Due to the generally vague and confusing nature of plaintiff's allegations, the district court determined that the complaint was frivolous and thereafter entered a judgment directing its dismissal pursuant to 28 U.S.C. Sec. 1915(d). This appeal ensued.
 
 
 3
 A district court may properly dismiss an action for reason of frivolity under 28 U.S.C. Sec. 1915(d) only if it, assuming the truth of all the factual allegations contained in the complaint, can conclude that the plaintiff would still not be entitled to relief upon his proof of any set of circumstances. Harris v. Johnson, 784 F.2d 222 (6th Cir. 1986); Spruytte v. Walters, 753 F.2d 498 (6th Cir. 1985), cert. denied, 106 S.Ct. 788 (1986). The district court correctly applied that standard in this case. Even when given a liberal reading, the complaint contains only the general allegation as to defendant that he somehow defamed plaintiff by questioning his mental and emotional condition. At most that allegation states a claim for libel. Unless coupled with an averment that the purportedly defamatory communication also prevented plaintiff's enjoyment or exercise of a right or interest of a constitutional magnitude, it is insufficient to give rise to a cause of action under 42 U.S.C. Sec. 1983. See Paul v. Davis, 424 U.S. 693 (1976); Gorman v. Lukowsky, 431 F.2d 971 (6th Cir. 1970). Review of the complaint discloses that plaintiff did not plead such an additional constitutional deprivation. The district court, therefore, did not err in concluding that plaintiff's cause of action was frivolous and ordering its dismissal pursuant to 28 U.S.C. Sec. 1915(d).
 
 
 4
 Accordingly, the motion for appointment of counsel is hereby denied and the final judgment of the district court entered July 31, 1986, is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.