Myrtie HOPKINS

v.

Condon WASSON et al.

Civ. A. No. 3627.

United States District Court
E. D. Tennessee, S. D.

March 5, 1962.

John S. Wrinkle, Chattanooga, Tenn., for plaintiff.

James G. Nave, James F. Corn, Cleveland, Tenn., for defendants.

FRANK W. WILSON, District Judge.

The complaint in this case purports to set forth two causes of action, both predicated upon certain alleged actions of the defendants in their capacities as Bradley County school officials. The plaintiff claims that the defendants conspired to decline and refuse renewal of her contract as a teacher in the Bradley County High School after its termination at the end of the 1959–1960 school year, for unfounded slanderous reasons which they uttered against her. She claims that these actions defamed her and deprived her of her civil rights, and that she accordingly has a cause of action for each of these wrongs, for the former under the common law of slander, and for the latter under Title 42 U.S.C.A. §§ 1981–1988.

The defendants have filed a motion for summary judgment upon the grounds principally that there is no diversity of citizenship between the parties sufficient to invoke the jurisdiction of this Court upon the plaintiff's common law claim, and that, as to the civil rights claim, the complaint alleges no deprivation of a right created or secured by the Constitution or laws of the United States.

1. With reference first to the question of diversity of citizenship, this question is not properly raised by a motion for summary judgment. A motion to dismiss or a suggestion of a lack of jurisdiction is the correct method of raising this issue under Rule 12 of the Federal Rules of Civil Procedure. See 1A Barron & Holtzoff, Federal Practice and Procedure, Sec. 352. Nevertheless, there is authority for treating a motion for summary judgment such as that in the present case as a "suggestion" under Rule 12(h), and for allowing the parties a prescribed time within which to submit such further affidavits and proof as they may wish upon the jurisdictional issue. Kantor v. Comet Press Books Corp., D.C., 187 F.Supp. 321.

In this connection, some question has been raised as to whether the issues of diversity jurisdiction is triable to the Court or to a jury. Upon this point, Rule 12(d) provides as follows:

"*Preliminary Hearings.* The defenses specifically enumerated (1)–(7) in subdivision (b) of this rule [including lack of jurisdiction], whether made in a pleading or by motion, and the motion for judgment mentioned in subdivision (c) of this rule shall be heard and determined before trial on application of any party, unless the court orders that the hearing and determination thereof be deferred until the trial."

Similarly, it is stated in 1 Barron & Holtzoff, Federal Practice and Procedure, Sec. 26, that "The determination of the issue whether diversity jurisdiction exists is a question for the Court without reference to a jury." See also Fireman's Fund Ins. Co. v. Railway Express Agency, Inc. (6th Cir.), 253 F.2d 780, holding that jurisdictional issues are properly triable to the Court prior to trial on the merits, at least where, as here, determination of the jurisdictional issue does not involve a determination of the merits of the case.

If either party desires a hearing for the oral examination or cross-examination of witnesses upon the jurisdictional issue, the Court will be so advised in writing within ten days of this Opinion, whereupon a hearing will be scheduled. Otherwise, the parties will be allowed 30 days from the entry of this Opinion within which to submit such other evidence as they may wish upon the issue of diversity of citizenship, and the Court will thereafter rule upon this question.

2. Turning now to the question of whether the plaintiff has stated a cause of action for violation of her civil rights, the Court is of the opinion that she has not, and that the motion for summary judgment must therefore be sustained as to the civil rights claim of the complaint.

In her complaint, the plaintiff alleges merely that the defendants failed to rehire her at the expiration of the 1959–1960 school year. There is no allegation

that the plaintiff's contract was breached or that the obligation thereof was impaired. Upon the contrary, the complaint acknowledges that the plaintiff's contract had expired, and further that the plaintiff was not on tenure under the laws of the State of Tennessee. Accordingly, she had no right, statutory or contractual, to be rehired, and nothing in Title 42 U.S. C.A. §§ 1981–1988 entitles her to redress for not being rehired under these circumstances.

Nor does the plaintiff make an adequate claim that the defendants unconstitutionally discriminated against her in failing to renew her contract. In this connection it is well to compare the present case with Brooks v. School District of City of Moberly, 8 Cir., 267 F.2d 733, where the plaintiffs failed to recover upon an alleged civil rights violation much stronger than that now before the Court. In the Brooks case the plaintiffs, Negro teachers, claimed that their civil rights were violated when, after integration of the white schools of the Moberly school system and abandonment of the colored school at which the plaintiffs had formerly taught, the defendants failed to renew the contracts of the plaintiffs, who constituted all of the Negro teachers formerly teaching in the Moberly colored school. Relief was denied the plaintiffs on the ground that they had failed to show that the action of the defendants resulted from racial discrimination.

It is true that the Brooks decision was not rendered by way of summary judgment, but only after a trial at which the plaintiffs had been afforded an opportunity to prove their claim of unconstitutional racial discrimination. The point is, however, that violation of a specific civil right—that of employment in public schools without racial discrimination—was expressly claimed by the plaintiffs in the Brooks case. By contrast, the present plaintiff has failed, both in her complaint and at the hearing upon the motion for summary judgment, to specify any Federal civil right which she claims the defendants have violated.

■ Violation of a specific Federal civil right is of the essence of causes of action such as that purported to be set forth in the first claim of the plaintiff's complaint, and this requirement is not satisfied by the plaintiff's allegation that the defendants have slandered her. As stated in 1 Barron & Holtzoff, Federal Practice and Procedure, Sec. 37:

"Not every civil right is a right derived or secured by the Constitution or laws of the United States. * * * Only those rights, privileges and immunities that are secured by the Constitution of the United States or some Act of Congress are within the protection of the federal courts. Rights, privileges and immunities not derived from the federal Constitution or secured thereby are left exclusively to the protection of the states."

At the hearing upon the motion for summary judgment, and in response to a question as to the particular civil right upon which the plaintiff was relying, the plaintiff's attorney made specific reference to Title 42 U.S.C.A. § 1988 as sustaining her civil rights claim by virtue of the reference therein to the common law.

Section 1988 provides as follows:

"The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of this chapter and Title 18, for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far

as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty."

■ Presumably the plaintiff's theory is that common law slander by public officials is within the ambit of Federal civil rights protection under Section 1988. With this conclusion the Court is unable to agree. It is the opinion of the Court that Section 1988 is procedural only insofar as it purports to adopt State common law in Federal civil rights actions. Schatte v. International Alliance, etc., D.C., 70 F.Supp. 1008, affirmed per curiam 9 Cir., 166 F.2d 216, certiorari denied 334 U.S. 812, 68 S.Ct. 1018, 92 L.Ed. 1743; Dyer v. Kazuhisa Abe, D.C., 138 F.Supp. 220, reversed on other grounds 9 Cir., 256 F.2d 728; Davis v. Johnson, D.C., 138 F.Supp. 572. See also In re Stupp, 23 Fed.Cas.No. 13,563, p. 296. The Court's opinion in this regard is not altered by the fact that some courts, in holding that Section 1988 permits survival of civil rights actions where survival provisions are contained in the local law, have uttered dicta to the effect that the statute is not procedural only. Pritchard v. Smith, 8 Cir., 289 F.2d 153, 88 A.L.R.2d 1146; Brazier v. Cherry, 5 Cir., 293 F.2d 401.

It results that the motion for summary judgment must be sustained as to so much of the complaint as purports to set forth a cause of action for violation of the civil rights of the plaintiff.

■ 3. The defendants have likewise asserted that there is absent from the case the requisite amount in controversy of $10,000 exclusive of interest and costs, even though the complaint alleges damages well in excess of this amount. At the hearing upon the motion, however, the defendants acknowledged the rule in this regard to be that the allegations of damages in the complaint are controlling upon the Court with regard to the ques-

tion of jurisdiction, unless it is made to appear to a legal certainty that there can be no recovery for the requisite amount. 1 Barron & Holtzoff, Federal Practice and Procedure, Sec. 24. This ground of the motion will therefore be overruled.

Order accordingly.