Harold J. FRAZIER, Appellant,

v.

EAST BATON ROUGE PARISH SCHOOL BOARD, Appellee.

No. 23098.

United States Court of Appeals
Fifth Circuit.

July 11, 1966.

William D. Beck, Jr., Joe E. Thompson, Baton Rouge, La., for appellant.

John F. Ward, Jr., Baton Rouge, La., for appellee.

Before WISDOM and THORNBERRY, Circuit Judges, and COX,* District Judge.

PER CURIAM:

April 26, 1957, the Superintendent of Schools in East Baton Rouge Parish, Louisiana, discharged Harold Frazier, who had been a teacher in the public school system for 24 years. Under the provisions of Louisiana's Teacher Tenure Law, R.S. 17:443, the School Board held a public hearing and, by a divided vote, approved the Superintendent's action. Frazier appealed to the Nineteenth Judicial District of Louisiana which, after a full hearing, sustained the action of the school officials. Frazier then appealed to the Court of Appeals, First Circuit which affirmed the state district court, except that it awarded Frazier certain backpay. The Court of Appeal denied two attempts by Frazier to secure rehearings. Frazier then unsuccessfully sought writs of certiorari and review in the Louisiana Supreme Court. He did not seek review in the United States Supreme Court. May 31, 1962, Frazier filed an "Application for Judicial Review" in the United States District Court alleging, *inter alia*, for the first time, that the school board had discharged him because he was a Negro in violation of his civil rights under 42 U.S.C. § 1983. The district court granted the school board's motion to dismiss the "Application" on the ground that there was no federal jurisdiction.

■ If state administrative action is first challenged in the state court, and the state court acts judicially, the state court decision is *res judicata* and bars a decision by a federal court. Bacon v. Rutland R. Co., 1914, 232 U.S. 134, 34 S.Ct. 283, 58 L.Ed. 538; Prentis v. Atlantic C. L. Co., 1908, 211 U.S. 210, 29 S.Ct. 67, 53 L.Ed. 150; 3 Davis, Administrative Law Treatise, p. 368 (1958). Under the doctrine of *res judicata,* where the second action is based upon the same cause of action as that upon which the first action was based, the judgment is conclusive as to all matters which were litigated or *might have been litigated* in the first action. See Restatement, §§ 47, 48 (1942). Therefore, the decision of the state court of appeal, acting judicially, is a bar to Frazier's claim in the federal district court even though he raises *his federal claim of discrimination for the* first time in the federal court. In these circumstances, once Frazier submitted his challenge to state administrative action to state judicial review, the only appropriate federal forum for review of his alleged federal claim of discrimination was the United States Supreme Court. He bypassed that opportunity. The district court therefore correctly determined it had no jurisdiction.

The judgment of the district court is affirmed.