**Edith MOREY, Plaintiff,**

v.

**INDEPENDENT SCHOOL DISTRICT #492 et al., Defendants.**

**No. 1–69 Civ. 74.**

United States District Court, D. Minnesota, First Division.

Sept. 8, 1969.

---

William E. Falvey, Minneapolis, Minn., for plaintiff.

Raymond B. Ondov, Austin, Minn., for defendants.

## ORDER

MILES W. LORD, District Judge.

### MEMORANDUM

A. Background.

In February of 1962 the defendant school district, acting through the school board, attempted to terminate plaintiff's teaching contract. An evidentiary hearing was held before the school board which resulted in plaintiff's discharge. Various litigation ensued, see, Morey v. School Board of Ind. Sch. Dist. No. 492, 268 Minn. 110, 128 N.W.2d 302 (1964); Morey v. School Board of Ind. Sch. Dist. No. 492, 271 Minn. 445, 136 N.W.2d 105 (1965); Morey v. School Board of Ind. Sch. Dist. No. 492,276 Minn. 48, 148 N.W.2d 370 (1967). In each of the

above-cited cases the Minnesota Supreme Court held that the action of the school board was defective insofar as the board either failed to make adequate findings of fact, or the evidence adduced at the hearing was insufficient to warrant plaintiff's discharge.

Thereafter, plaintiff brought an action for back pay in the Mower County District Court for the State of Minnesota. The action was entitled: Edith Morey, Plaintiff v. Independent School District No. 492, Mower County, Defendant. The case was tried before a state district court judge, without a jury. Plaintiff was awarded damages of $26,888.19 for back salary, interest, and various medical and hospital insurance benefits. The damages were intended to reimburse plaintiff for losses suffered between September, 1962 and February, 1967. In his findings of fact, conclusions of law, and accompanying memorandum,[1] the state district court judge specifically determined that plaintiff was *not* entitled to be reimbursed for any increments in her salary during the period. Plaintiff did not appeal this decision. In March of 1967, plaintiff resumed her teaching job for defendant school district, and she is so employed at the present time.

B. Present Action.

Defendants in the present action are the school district and past and present individual members of the school board. Plaintiff's Complaint alleges that defendants have,

* * * arbitrarily and capriciously failed to reimburse plaintiff for usual and customary scheduled salary increases afforded other teachers of like education and experience within the School District for the period 1962 to the present date * * * That such failure to reimburse plaintiff said increases is in violation of her due process and equal protection rights secured by the Fifth and Fourteenth Amendments to the Constitution of the United States.

VI

That * * * charges brought by the School District through the Defendant School Board members, acting under the color of state law, were outstanding from 1962 to 1967, and were caused to be maliciously and falsely spoken and published within the City of Austin, County of Mower, and other diverse places to the public at large. That such charges were false, defamatory and injurious to plaintiff's professional reputation.

The Complaint then demands judgment for $14,301.00 for lost earnings, $50,000 for damages to plaintiff's reputation, and $50,000.00 for exemplary damages. The Complaint also requests that "defendants and each of them be enjoined from further illegal and discriminatory actions."

C. Jurisdiction.

Plaintiff bases her claim upon 42 U.S.C. § 1983,

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Jurisdiction is based on 28 U.S.C. § 1343,

The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

* * * * * *

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of

---

1. Certified copies of these documents were filed with defendants' motion to dismiss.

1260

citizens or of all persons within the jurisdiction of the United States;

■ When jurisdiction is alleged under 28 U.S.C. § 1343, and the defendant moves to dismiss, the District Court should ordinarily assume jurisdiction and then determine whether or not the Complaint states a claim upon which relief can be granted, Olson v. Board of Education of Union Free Sch. Dist. No. 12, Malverne, New York, 250 F.Supp. 1000 (E.D.N.Y.1966); Campbell v. Glenwood Hills Hospital, Inc., 224 F.Supp. 27 (D.Minn.1963). Accordingly, defendant's motion to dismiss for lack of jurisdiction is denied.

D. Failure to State a Claim Upon Which Relief Can Be Granted.

Plaintiff's Complaint alleges two separate grounds for relief: (1) the claim that she is entitled to lost earnings because defendants arbitrarily and capriciously refused to increase her salary from 1962 to the present, (2) the claim that she is entitled to damages for injury to her reputation because of defendants' alleged defamation.

Defendants assert numerous arguments in support of their motion to dismiss. Some of the arguments apply only to the lost earnings' claim and others apply only to the defamation claim. Furthermore, defendants' arguments do not apply equally to the defendant school district and to the individual defendants. Therefore, for the sake of proper analysis, this memorandum will consider plaintiff's claims in the following order: (1) Lost earnings claim against defendant school district, (2) Lost earnings claim against individual defendants, (3) Defamation claim.

1) Lost earnings claim against defendant school district.

■ Defendants cite Frazier v. East Baton Rouge Parish School Board, 363 F.2d 861 (5th Cir. 1966), for the proposition that plaintiff's claim against the school district is barred by principles of res judicata. In Frazier, the plaintiff was discharged by the school board and he appealed the ruling to the state district court and the state court of appeals. Both courts sustained the action of the school officials. Frazier then unsuccessfully sought a writ of certiorari in the Louisiana Supreme Court. He did not seek review in the United States Supreme Court. The plaintiff then brought suit under the Civil Rights Act in the United States District Court, claiming for the first time that the school board had discharged him because he was a Negro. The District Court granted the school board's motion to dismiss, and the Court of Appeals affirmed, stating,

if state administrative action is first challenged in the state court, and the state court acts judicially, the state court decision is res judicata and bars a decision by a federal court. * * * Under the doctrine of res judicata, where the second action is based upon the same cause of action as that upon which the first action was based, the judgment is conclusive as to all matters which were litigated or might have been litigated in the first action. * * * Therefore, the decision of the state court of appeal, acting judicially, is a bar to Frazier's claim in the federal district court even though he raises his federal claim of discrimination for the first time in the federal court. In these circumstances, once Frazier submitted his challenge to state administrative action to state judicial review, the only appropriate federal forum for review of his alleged federal claim of discrimination was the United States Supreme Court. 363 F.2d at p. 862.

The Court agrees that the decision in Frazier v. East Baton Rouge Parish School Board, supra, is applicable to the facts in this case and that plaintiff's claim against defendant school board, at least for the period between September, 1962 and February, 1967, is barred by res judicata, see also, Moffett v. Commerce Trust Co., 187 F.2d 242 (8th Cir. 1951). In fact, it would seem that the plaintiff in Frazier presented a stronger claim for relief than does the present plaintiff. One of the purposes of the

original Civil Rights Act was to "provide a federal remedy where the state remedy, though adequate in theory, was not available in practice", Monroe v. Pape, 365 U.S. 167, 174, 81 S.Ct. 473, 477, 5 L.Ed.2d 492 (1961). This purpose would seem to be more applicable to the facts in *Frazier* than to the facts underlying plaintiff's claim. In the litigation which plaintiff and defendant school district have gone through in the state courts, plaintiff has been successful in every phase of every suit, except for that aspect of her claim in the Mower County District Court which dealt with customary salary increases. The decision of the Mower County District Court with respect to that claim is *res judicata* in this court.

Defendants also argue that the school district is immune from suit because 42 U.S.C. § 1983 is limited in its application to suits against individuals. Defendants' position is supported by the case law. In the leading case of Monroe v. Pape, supra, the Supreme Court held that Congress did not intend to subject municipalities to suit under 42 U.S.C. § 1983, that is, that the word "person" in the first sentence of § 1983 is limited to individuals. This interpretation of the statute has been consistently followed by the lower federal courts, e. g., Harvey v. Sadler, 331 F.2d 387 (9th Cir. 1964); Johnson v. Hackett, 284 F.Supp. 933 (E.D.Pa.1968); Daly v. Pedersen, 278 F.Supp. 88 (D.Minn.1967).

In a memorandum opposing defendants' motion to dismiss, plaintiff argues that the school district is subject to suit because: (1) the federal courts have directed equitable relief against municipalities under 42 U.S.C. § 1983, and the

plaintiff seeks equitable relief in the present case, and, (2) the State of Minnesota has waived any immunity its school districts might have against liability by statute.

While it is true that federal courts have sometimes directed equitable relief against municipalities under the Civil Rights Act,[2] plaintiff's complaint in the present case sets forth no grounds for equitable relief. Insofar as plaintiff asserts a claim for lost earnings, it is clear that money damages would be an adequate remedy. Insofar as plaintiff asserts a claim for defamation, there is no allegation of a continuing series of defamations, and no apparent reason why money damages would not constitute an adequate remedy. Furthermore, it is unlikely that this Court would enjoin defendant school board—or the individual defendants—from further speech or publication under any set of circumstances.

■ The fact that Minnesota has waived the immunity of its school districts for certain purposes[3] does not subject the school district to suit under the Civil Rights Act. It is the intent of the federal Congress which determines the scope of 42 U.S.C. § 1983. In Monroe v. Pape, supra, the Supreme Court looked to the intent of Congress and specifically determined that municipalities are not subject to suit—at least for money damages—under 42 U.S.C. § 1983. This Court considers that construction applicable whether or not a state has waived immunity by statute.

■ Thus, plaintiff's claim for lost earnings against the defendant school board must be dismissed because: (1) her claim with respect to lost earnings between September, 1962 and February,

---

2. In Turner v. City of Memphis, 369 U.S. 350, 82 S.Ct. 805, 7 L.Ed.2d 762 (1962), the Court enjoined segregation of a Municipal Airport Restaurant. In Adams v. City of Park Ridge, 293 F.2d 585 (7th Cir. 1961), the Court enjoined enforcement of a City ordinance.

3. Minn.St. 127.03:
   An action may be brought against any school district, either upon a contract

made with the district or its board, in its official capacity and within the scope of its authority, or for an injury to the rights of the plaintiff arising from some act or omission of such board, whether the members of the board making the contract, or guilty of the act or omission complained of, be still in office or not.

1967 is barred by the doctrine of *res judicata*, and, (2) the defendant school district is not subject to suit under 42 U.S.C. § 1983.

2) Lost earnings claim against individual defendants.

Defendants have raised numerous arguments for dismissing this aspect of plaintiff's claim. This memorandum will not discuss each argument, however, because this Court is of the opinion that plaintiff's claim for lost earnings against the individual members of the school board must be dismissed for failure to allege the deprivation of any "rights, privileges, or immunities secured by the Constitution and laws" of the United States.

■ In Freeman v. Gould Special School District of Lincoln County, Arkansas, 405 F.2d 1153 (8th Cir. 1969), the Court held that certain school teachers were not entitled to relief under the Civil Rights Act. The plaintiffs had alleged that they were denied due process and equal protection when a school district refused to renew their teaching contracts. The Court noted that teachers in Arkansas schools are not covered by any type of civil service or tenure, and then stated,

> We agree that the teachers are protected under the Equal Protection Clause from discrimination on account of race or religion or in their assertion of constitutionally protected rights, but no case cited by plaintiff has gone so far as to say that all actions of any governmental board or agency in employment cases must accord the individual due process under the Fourteenth Amendment * * *. We do not think it within the province of the federal court to pass upon and decide the merits of all of the internal operative decisions of a school district. 405 F.2d at pp. 1159, 1161.

The holding and policy of *Freeman* is applicable to this case. This Court is unaware of any Minnesota statute or regulation entitling plaintiff to periodic salary increases. Insofar as the defend-

ant school district may customarily grant increases in salary to its teachers, this is an internal matter to be handled by the school board. The failure or refusal of the board to grant a customary increase in salary does not entitle plaintiff to bring an action in federal court under the Civil Rights Act.

In the memorandum opposing defendant's motion to dismiss, plaintiff relies on McLaughlin v. Tilendis, 398 F.2d 287 (7th Cir. 1968); Board of Trustees of Arkansas A & M College v. Davis, 396 F.2d 730 (8th Cir. 1968); and Johnson v. Branch, 364 F.2d 177 (4th Cir. 1956). In each of these cases, however, the Court held that a teacher could not be *discharged* for exercising a specific constitutional right such as freedom of speech or freedom of assembly. Plaintiff, on the other hand, is presently employed as a teacher by the defendant school district, and merely alleges that she has been denied "usual and customary scheduled salary increases." Furthermore, the statement in her complaint that the failure to grant said increases is in violation of her "due process and equal protection rights" does not state a cause of action.

3) Defamation claim.

■ Plaintiff's claim for damages as a result of defendants' alleged defamation is without merit. Damages for defamation are not recoverable under the Civil Rights Act because a defamed person has not been deprived of any rights, privileges, or immunities secured to him by the Constitution or laws of the United States, e. g., Johnson v. Hackett, 284 F. Supp. 933 (E.D.Pa.1968); Hopkins v. Wasson, 227 F.Supp. 278 (E.D.Tenn. 1962).

■ Plaintiff's claim for defamation is also barred by the statute of limitations. The Civil Rights Act contains no statute of limitations, but the United States Supreme Court has held that the State statute of limitations is controlling on the question of whether or not the particular action is timely, O'Sullivan v. Felix, 233 U.S. 318, 34 S.Ct. 596, 58 L.

Ed. 980 (1914). Similarly, in the case of Henig v. Odorioso, 385 F.2d 491 (3rd Cir. 1967), the Court held that a claim under the *Civil Rights Act* was barred by the applicable State statute of limitations. Under Minnesota law, the statute of limitations applicable to plaintiff's defamation claim is two years, Minn.St. 541.07. In the memorandum opposing defendant's motion to dismiss, plaintiff concedes that the alleged defamation occurred more than two years prior to the filing of the present Complaint. Plaintiff argues, however, that the statute of limitations has not run because the defamation is a continuing defamation, that is, "the applicable statute of limitations would not begin to run until that time when the school district and board members formally retract" the charges. There is no support in reason or authority for this proposition. Accordingly, plaintiff's claim for damages for defamation must be dismissed.