Dr. Edward D. **JERVEY,** Plaintiff,

v.

Charles K. **MARTIN, Jr.,** et al., Defendants.

**Civ. A. No. 69–C–49–R.**

United States District Court,
W. D. Virginia,
Roanoke Division.

Jan. 10, 1972.

Philip J. Hirschkop, Cohen, Hirschkop, Hall & Johnson, Alexandria, Va., John M. Goldsmith, Max Jenkins, Goldsmith & Jenkins, Radford, Va., and John C. Lowe, Esq., Charlottesville, Va., for plaintiff.

John B. Spiers, Jr., Spiers, Spiers & Mink, Radford, Va., and E. Milton Farley, III, Robert F. Brooks, Hunton, Williams, Gay & Gibson, Richmond, Va., for defendants.

## OPINION and JUDGMENT

DALTON, District Judge.

### ORDER ON RULING ON THE DEFENDANTS' MOTION TO DISMISS

The defendants, Charles K. Martin, Jr. and the members of the Board of Visitors of Radford College, request this court to enter an order dismissing the plaintiff's amended complaint.

In support of their motion for dismissal the defendants assert five different grounds which may be summarized as follows: (1) that the complaint fails to state a claim on which relief can be granted; (2) that the acts complained of were within the immunity of the Eleventh Amendment and the common law as being discretionary, and expressly within the scope of authority conferred by Virginia law; (3) that the allegations of libel and slander are insufficient to state a claim for relief; (4) that the amended complaint fails to meet the requirements of a class action under Rule 23 of the Federal Rules of Civil Procedure; and (5) that the Commonwealth of Virginia is an indispensable party to this action.

For purposes of evaluating the defendants' motion to dismiss, the allegations in the plaintiff's amended complaint must be taken as true. Alston v.

School Board of City of Norfolk, 112 F. 2d 992, 994 (4th Cir. 1940). The amended complaint alleges that the plaintiff, Dr. Edward D. Jervey, was denied a raise of twelve hundred dollars for the 1968–69 school year as a reprisal by President Charles K. Martin and the members of the Board of Visitors of Radford College for Dr. Jervey's exercise of his First Amendment right to free speech. It appears that Dr. Martin, in his role as President of Radford College, had recommended to the Board of Visitors that Dr. Jervey's salary be raised from $11,500 to $12,700 for the 1968–69 academic year. However, the plaintiff alleges that this recommendation was rescinded and Dr. Jervey's salary increase denied when Dr. Martin and the Board of Visitors became aware of a letter written by Dr. Jervey to the editor of *Redbook*, a national magazine.

In that letter, which appeared in *Redbook's* letter-to-the-editor section, Dr. Jervey had praised the author of an article on premarital sex which had appeared in a prior edition of that magazine. Dr. Jervey indicated in the letter that he intended to use some of the author's comments in his teaching, and he signed the letter in a manner which identified him as a professor at Radford College. Dr. Jervey alleges that as a result of the letter to *Redbook*, Dr. Martin and the Board of Visitors also excluded him from eligibility for summer school teaching and for eligibility to serve as a class sponsor. Dr. Jervey alleges that President Martin has imposed other restrictions, both social and academic, upon him and his wife as a result of the *Redbook* letter.

The defendants, in support of their claim that the plaintiff has not set forth a claim upon which relief can be granted, contend that the raise in question was entirely discretionary with the Board of Visitors. In effect, it appears to this court that the defendants take the position that under the laws of the State of Virginia, the Board has absolute discretion in determining the salary which an employee of Radford College will receive. As a state institution, Radford College is administrated in accordance with the provisions of the Code of Virginia concerning colleges and universities. Specifically, Section 23–155.7 of the Code of Virginia (1969 Repl.Vol.) describes the powers and duties of the Radford College Board of Visitors. That section reads in part as follows:

> The board shall control and expend the funds of the College and any appropriation hereafter provided, and shall make all needful rules and regulations concerning the College, appoint the president, who shall be its chief executive officer, and *all professors, teachers and agents, and fix their salaries,* and generally direct the affairs of the College. (emphasis added)

The defendants contend that the granting of raises which are based on individual performance is a matter solely within the province of the Board of Visitors, and the federal court, in the light of the public's interest in the administration of state colleges and universities, should refrain from interference with such discretionary administrative functions.

■ This court agrees with the defendants with respect to the wide discretion which is vested in the Board of Visitors of Radford College. Likewise, the court believes that great care and judicial discretion should be exercised when the federal courts are asked to interfere with the administration of our colleges and universities. On the other hand, it has been held by the court of appeals for this circuit that no matter how wide the discretion of the Board is, it cannot be exercised so as to arbitrarily deprive persons of their constitutional rights. Johnson v. Branch, 364 F.2d 177, 180 (4th Cir. 1966); Bradford v. School District No. 20, Charleston, S.C., 364 F. 2d 185, 189 (4th Cir. 1966).

The defendants rely on the case of Freeman v. Gould Special School District of Lincoln County, Arkansas, 405 F.2d 1153 (8th Cir. 1969) as support for their contention that the federal courts

should refrain from interfering with college administrative matters. The facts in *Freeman* reveal that the plaintiffs, six Negro school teachers who had not had their contracts renewed, alleged that the school board's decision not to renew was based on race. The school board asserted that its decision had been based on performance evaluations. The district court dismissed the complaint on the grounds that there was no evidence which supported a claim of discrimination; therefore, there was no federal question involved. The district court's dismissal was affirmed on appeal by the court of appeals which stated:

> We do not think it within the province of the federal court to pass upon and decide the merits of all of the internal operative decisions of a school district. 405 F.2d at 1161.

This court agrees with *Freeman* with regard to the idea that the federal court should refrain from interfering with internal administrative operations; however, that self-restraint should not bar judicial intervention when administrative practices are being handled in a manner which infringes upon an individual's constitutional rights.

The defendants also rely on the case of Morey v. Independent School District, #492, 312 F.Supp. 1257 (D.Minn.1969) in which it was held that the failure or refusal of a school board to grant a customary increase in salary did not entitle a plaintiff to bring an action in federal court under the Civil Rights Act. However, careful examination of the opinion in *Morey* reveals a factual situation different from the one at bar. There the plaintiff was a teacher who had been wrongfully dismissed and had sued in the state court to recover damages. The state court found for the plaintiff, awarding her damages for back pay, interest and other fringe benefits; however, the state court did not allow recovery for increments in salary which had occurred in the school system during the period of her absence. The plaintiff then instituted an action in the district court under the Civil Rights Act, 42 U.S.C.A. § 1983, to recover these incremental amounts. Her complaint alleged that the defendants had arbitrarily and capriciously failed to reimburse her for usual and customary scheduled salary increases afforded other teachers during the period of her absence. The plaintiff further alleged that such action violated her due process and equal protection rights under the Constitution. Since the plaintiff's claim against the school district for lost earnings was barred by the doctrine of *res judicata*, the district court was only concerned with the plaintiff's claim against the school board members individually. On this point the district court stated;

> This Court is unaware of any Minnesota statute or regulation entitling plaintiff to periodic salary increases. Insofar as the defendant school district may customarily grant increases in salary to its teachers, this is an internal matter to be handled by the school board. The failure or refusal of the board to grant a customary increase in salary does not entitle plaintiff to bring an action in federal court under the Civil Rights Act. 312 F.Supp. at 1262.

The defendants also rely on the case of Lewis v. Chicago State College, 299 F.Supp. 1357 (N.D.Ill.1969) where the district court dismissed a civil rights action in which the plaintiff, a Negro, alleged that the college had failed to promote him to the rank of full professor because of his race. The ground for dismissal in *Lewis* was that the court was not qualified to make such evaluations as to promotions. However, the court indicated that judicial review would be proper if the plaintiff could clearly demonstrate illegal discrimination. 299 F.Supp. at 1360.

This court realizes that the Board of Visitors of Radford College does and should have wide discretion in managing that educational institution. However, this court feels that the Board of Visitors of a state university should

not administratively penalize the exercise by a faculty member of his first amendment rights by use of the power granted by Section 23–155.7 of the Virginia Code. This is not to say that such action was done in this case, for that is a question for the jury; however, this court feels that the plaintiff's complaint does set forth a cause of action which is cognizable in the federal courts. Unlike the plaintiff in *Lewis,* supra, the plaintiff in the case at bar has set forth enough in his complaint, to indicate the possibility of infringement; therefore, this court is of the opinion that the plaintiff should be allowed to proceed.

■ The defendants contend that no rights have been abused because the nature of a salary raise is such that the individual has nothing until the raise is granted. This may be true, however, it is not the loss of the raise itself which is at issue. The right which allegedly is in danger is the first amendment right to freedom of speech and expression. It is this right which plaintiff alleges is endangered by the denial of a raise. This court feels that a denial without sufficient basis which is made to punish an individual for the expression of his views is constitutionally impermissible. See *Alston,* supra.

The defendants also contend that the letter in question could be used by the Board in other ways which would be constitutionally permissible. This court will not pass upon this contention at this point in the proceedings, but instead will consider this issue in deciding how the jury is to be instructed.

For the reasons given above the defendants' motion to dismiss for failure to state a claim upon which relief can be granted is overruled.

■ The defendants have also moved that the case at bar should be dismissed on the ground that the acts complained of were within the immunity provided by the Eleventh Amendment of the Constitution of the United States and the common law as being discretionary. This court feels that this contention is

without merit. It is true that as long as the Board of Visitors acts within the scope of the authority granted it by the Virginia Code and its actions are not interdicted by the federal Constitution, it may well be immune from suit. However, in the case at bar the plaintiff has alleged acts by the Board which if proved would be constitutionally impermissible, and therefore, the Board of Visitors would not be immune, but it would fall within the coverage of the Civil Rights Act, 42 U.S.C.A. § 1983, since the Board was acting under color of law. Orr v. Thorpe, 427 F.2d 1129 (5th Cir. 1970); McLaughlin v. Tilendis, 398 F.2d 287 (7th Cir. 1968); Jordan v. Hutcheson, 323 F.2d 597 (4th Cir. 1963). Therefore, the defendants' motion to dismiss based on immunity is overruled.

■ As to the motion to dismiss the plaintiff's claim for damages for libel and slander, this court agrees with the defendants. Damages for defamation are not recoverable under the Civil Rights Act because a defamation claim does not involve the deprivation of any rights, privileges or immunities which are secured by the Constitution or the laws of the United States. Gorman v. Lukowsky, 431 F.2d 971 (6th Cir. 1970); Morey v. Independent School District #492, 312 F.Supp. 1257 (D. Minn.1969) aff'd 429 F.2d 428 (8th Cir. 1970); Johnson v. Hackett, 284 F.Supp. 933 (E.D.Pa.1968); Hopkins v. Wasson, 227 F.Supp. 278 (E.D.Tenn.1962) aff'd 329 F.2d 67 (6th Cir.), cert. denied, 379 U.S. 854, 85 S.Ct. 102, 13 L.Ed.2d 57 (1964). Therefore, the defendants' motion to dismiss is granted as to that portion of the complaint involving the plaintiff's claim for damages for libel and slander.

■ Likewise the court agrees with the defendants as to the propriety of the plaintiff's attempt to make this a class action. This court is aware that a class action may be proper in civil rights actions involving teachers; however, the plaintiff's own complaint in the case at bar shows that his allegations involve

actions concerning and peculiar to him only. For this reason the defendants' motion to dismiss the complaint as a class action is granted; however, the complaint is still valid as to the particular allegations involving the plaintiff's individual rights.

 Finally, the defendants have moved to dismiss this case on the grounds that the State of Virginia is an indispensable party to this action under Rule 19 of the Federal Rules of Civil Procedure. An action under 42 U.S.C.A. § 1983 must be filed against a person, and the State of Virginia is not a person within the meaning of that section. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Egan v. City of Aurora, 365 U.S. 514, 81 S.Ct. 684, 5 L.Ed.2d 741 (1961); Serrano v. People, 361 F.2d 474 (9th Cir. 1966). Since the state cannot be sued under the Civil Rights Act it would seem to follow that to require it to be joined as a party to this action would be futile. Therefore, the defendants' motion to dismiss based on the ground that the State of Virginia is an indispensable party is overruled.

In summary, the defendants' motion to dismiss on the ground that the complaint fails to state a claim upon which relief can be granted is overruled. Likewise, the defendants' motion to dismiss on the basis of immunity is also overruled. The defendants' motion to dismiss the plaintiff's claim for damages for defamation is granted, as is the defendants' motion to dismiss the class action portion of the plaintiff's complaint. Finally, the defendants' motion to dismiss on the ground that the State of Virginia is an indispensable party is overruled—all of which is adjudged and ordered.

This court hereby orders that the defendants file their answer to the plaintiff's complaint within twenty (20) days of the date of this order.

The court is of the opinion that this decision and order entered herein involve a controlling question of law as to which there is a substantial ground for difference of opinion, and that an immediate appeal from the decision and order may materially advance the ultimate determination of this litigation, pursuant to the provisions of Title 28, U.S.C. sec. 1292(b). An appeal is granted.