Donald MEACHEM, a Minor, by Ruth N. Meachem, his Parent and Natural Guardian, and Ruth N. Meachem, in her own right

v.

CITY OF PHILADELPHIA et al.

Civ. A. No. 72–515.

United States District Court,
E. D. Pennsylvania.

Sept. 7, 1972.

Miles H. Shore and Norman R. Bradley, Saul, Ewing, Remick & Saul, Philadelphia, Pa., for plaintiffs.

Martin Weinberg, City Sol., Murray C. Goldman, Asst. City Sol., Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

NEWCOMER, District Judge.

The plaintiff in this Civil Rights Action has moved the Court to reconsider an Order of July 11, 1972 which dismissed a defendant, City of Philadelphia, in the above captioned case. Defendant's Motion to Dismiss was granted as unopposed. The Motion to Reconsider is hereby granted and a Motion to Dismiss defendant\City of Philadelphia, is now granted on other grounds.

■ The cases of Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), and U. S. ex rel. Gittlemacker v. County of Philadelphia, 413 F.2d 84 (3rd Cir., 1969), are clear directives that a city is not a "person" within the meaning of 42 U.S.C. § 1983. This Court can see no change in the law even in light of the recent *Carter* decision, Carter v. Carlson, 144 U.S.App.D.C. 388, 447 F.2d 358 (1971).

It is true that public entities, including cities and municipalities have been held to be "persons" within § 1983 for purpose of injunctive relief. Here, however, the plaintiff prays for only monetary relief, and not injunctive relief. When injunctive or declaratory relief has been sought under § 1983, municipalities have been held to be "persons".

In analyzing Monroe v. Pape, supra, attention must be focused on the last paragraph of that opinion.

"Response of the Congress to a proposal to make municipalities liable for certain actions being brought within federal purview by the Act of April 20, 1871, was so antagonistic and we cannot believe that the word "person" was used in this particular Act to include them.[50] "

Footnote 50 in this opinion states:

"Since we hold that a municipal corporation is not a 'person' within the meaning of § 1983, no inference to the contrary can any longer be drawn from those cases (cases listed in footnote 50)."

■ This opinion is strongly persuasive that Congress never intended the Federal courts to have jurisdiction over municipalities in Civil Rights cases. Therefore, the waiver by statute, cannot

cloak the court with jurisdiction. If a court does not have jurisdiction, and the authority to act, one cannot make himself subject to the court's jurisdiction by waiving that jurisdictional objection even if the municipality has a statute which allows a private person to sue the municipality.

█ The plaintiff has argued that the City of Philadelphia has waived its immunity to suit by statute Philadelphia Code, § 21–701(a):

"Any person sustaining bodily injury or death caused by the negligence or unlawful conduct of any employee of the City, while the employee is acting within the scope of his office or employment, shall have the right to bring suit against the City in accordance with the same rules of law as applied by the courts of this Commonwealth against any other party defendant. In such suits the City shall not plead governmental immunity as a defense.".

However, one cannot by such a waiver vest the court with jurisdiction which the court does not have. The above named statute was promulgated to allow individuals to recover against the city for claims arising out of tortious conduct (automobile accidents involving vehicles owned by the municipality, and negligently maintained public premises), and contract actions. Morey v. Independent School District, 312 F.Supp. 1257 (D.C., 1969) was a Civil Rights Action brought in Minnesota and the State of Minnesota had a statute which waived the immunity of its school districts for certain purposes. In *Morey* the court said:

"The fact that Minnesota has waived the immunity of its school districts for certain purposes does not subject the school district to suit under the Civil Rights Act. It is the intent of the federal Congress which determines the scope of 42 U.S.C. § 1983. In Monroe v. Pape, supra, the Supreme Court looked to the intent of Congress and specifically determined that municipalities are not subject to suit—at least for money damages—under 42 U.S.C. § 1983. This Court considers that construction applicable whether or not a state has waived immunity by statute."

In applying *Morey* to this case, the fact that the City has waived its immunity from suit for certain purposes does not mean that it can vest this court with jurisdiction where none exists, i. e., in Civil Rights Suits under § 1983. Again we must note that this Court could have had jurisdiction over an action involving a City if injunctive or declaratory relief was sought, but this is not the case as presented here. When injunctive or declaratory relief is sought under § 1983, it usually involves the type of abuse over which Congress intended the Court to have jurisdiction. The question is not one of waiver but of jurisdiction.

The plaintiff contends the recent case of Carter v. Carlson, supra, allows a municipality to be sued under § 1983. The Court reads this case to state that the only municipality which the Carter v. Carlson decision dealt with was the District of Columbia. The District of Columbia is unique in that it is the only municipality in which Congress itself passes legislation. The Court in the *Carter* case was very cognizant of the Congressional control over the District of Columbia and made it very clear that their holding was to apply only to the District of Columbia. Therefore, the *Carter* decision bears little weight in our determination of the propriety to dismiss the City of Philadelphia as a party to this action.

The mandate of Congress and recent decisions is clear. A municipal corporation is not a person under the Civil Rights Act and a non-person cannot waive, stipulate, amend, retract or anything else to become a person under the Civil Rights Act of 1983. Defendant City of Philadelphia's Motion to Dismiss the City is hereby granted.