**Nadine EDDINGTON, Plaintiff,**

v.

**DISTRICT R–III, ST. FRANCOIS COUNTY REORGANIZED SCHOOL DISTRICT OF FLAT RIVER, MISSOURI, Dixie A. Kohn, Individually, and as Superintendent of the Central School System of St. Francois County of Flat River, Missouri, T. J. Foulon, Individually, and as President of the St. Francois School Board of Flat River, Missouri, William L. Black, Roy L. Easter, Harvey Gene Faircloth, Bob Vineyard, and John Mayfield, all Individually and as members of the St. Francois School Board of Flat River, Missouri, Defendants.**

**No. 74–597C(B).**

United States District Court,
E. D. Missouri, E. D.

Oct. 13, 1977.

Louis Gilden, St. Louis, Mo., for plaintiff.

Charles W. Medley, Farmington, Mo., Joseph L. Leritz, Kenney, Leritz & Reinert, St. Louis, Mo., for defendants.

## MEMORANDUM

REGAN, District Judge.

Plaintiff, a female teacher employed by the R–III School District, brought this suit in three counts alleging that she was unlawfully discriminated against on the basis of sex and denied equal protection of the laws in that (1) she was denied a merit raise in August, 1972, (2) she was demoted in rank and denied a merit raise in August, 1973, (3) she was removed as band director in junior high school and transferred to another position, and (4) she was not promoted. Defendants, in addition to the six-director school district, are the directors of the school district (who also constitute its Board of Education), and the superintendent of the school system.

The parties have stipulated that plaintiff holds a Bachelor of Music Degree and Master's Degree in Education, that she has a certificate of license to teach in the Missouri public schools, and that she has tenure under Missouri law, having been employed by the defendant school district since 1967. At that time there were two junior high

schools. However, by reason of a reorganization of the school system which had been planned prior to the appointment of Dr. Kohn as superintendent, the junior high schools were eliminated and instead, two middle schools were set up for the 6th, 7th and 8th grades, the 9th graders being sent to the high school. Changes were also made in the school system's supervisory personnel.

Dr. Dixie Kohn, whose sister, Mrs. Lorna Voss, had been employed by the school district as a vocal teacher for over two decades, was appointed superintendent of the schools effective July 1, 1971. While Dr. Kohn was being interviewed for the position, members of the school board had expressed their concern in general terms about the quality of the instrumental music program and in particular the marching band program. However, Dr. Kohn entered upon his work with no preimpressions or preconceived views on the subject.

Before he took office Dr. Kohn had been apprised of an opening for a high school music teacher and he recommended to the board that Richard Hadfield be appointed to that position. Immediately prior to his appointment as superintendent, Dr. Kohn had been the director of the Laboratory School at Missouri University, a position comparable to that of superintendent. While there he had been impressed with Hadfield's teaching and music ability at the Laboratory School. Hadfield became director of the high school band and from that vantage point became aware of the lack of adequate training of the students who had been in the band program in the junior high schools. He so informed Dr. Kohn. Similar information had been imparted to Dr. Kohn by Robert Fowler who retired as a high school music teacher at the same time Dr. Kohn became superintendent. Mr. Fowler attributed his early retirement, in part at least, to his frustrations due to the low level of musical competence of students who had been taught by plaintiff. Dr. Kohn, understandably, requested Mr. Fowler to put his complaints in writing, and that was done. The school board was

informed of Fowler's criticisms. Fowler, who was also mayor of the city of Flat River, had no ax to grind, and we believe that his criticisms respecting plaintiff's competence as an instrumental music teacher were made in good faith.

With this background, we have carefully examined the various charges made by plaintiff respecting her treatment by defendants and find each of them lacking in merit. And specifically we find that none of the actions taken by defendants or any of them were in any way related to plaintiff's sex.

First for consideration is plaintiff's claim that she was not, but should have been, "promoted." It appears that one of the initial items on Dr. Kohn's agenda was the development of new curriculum programs in three areas of instruction, one of which was the music program. To that end, Dr. Kohn created a committee consisting of all music teachers in the school system. Similar committees were named in the other departments. At Dr. Kohn's recommendation, the board, in November, 1971, appointed Mrs. Voss and Hadfield as co-chairmen of the music committee. However, no additional compensation was involved. Mrs. Voss was to be in charge of vocal music and Hadfield of instrumental music.

Plaintiff contends that because of her more extensive experience, the instrumental chairmanship of the committee should have gone to her rather than to Hadfield and that the board's failure to name plaintiff amounted to sex discrimination. We do not agree. It is clear that Dr. Kohn was appointed superintendent, in large part, because of the board's desire to improve curriculum. Hadfield's ability was personally known to Dr. Kohn and in his view Hadfield could be relied on to take a fresh, innovative approach in seeking answers to some of the existing curriculum problems in the music department. No "promotion" in the conventional sense was involved in designation of the chairmanship of the music committee. And in the context of the jurisdictional aspects of this case, we find that neither plaintiff's nor Hadfield's sex was a consideration in his appointment.

Plaintiff's further claim that she was discriminatorily "demoted" relates primarily with her dissatisfaction with teaching assignments. In the 1971–1972 school year, plaintiff taught two classes of instrumental music and four classes of vocal music in junior high school. In the following school year, plaintiff was required to teach five classes in vocal and only one class of instrumental music. She was also replaced as junior high band director. For the 1973–1974 school year, plaintiff was assigned to teach music in the elementary schools.

In our judgment, the foregoing changes in teaching assignments did not constitute a "demotion" either within the meaning of the applicable Missouri statute (Section 168.104 RSMo.) or for purposes of the civil rights laws. More importantly, these changes in teaching assignments were made by the school authorities in the exercise of a sound discretion. There is no substantial credible evidence that plaintiff's sex was even a remote factor in making these changes. And even if we were of the belief that the superintendent and the school board were mistaken in this matter, we have no right to "second guess" them. However, there is ample, credible evidence, which we accept as fact, not only that students who were taught by plaintiff were not adequately prepared by her but that plaintiff was unable to maintain proper discipline in her classes. It is apparent to us that plaintiff's transfer to an elementary school was based on the honest belief that she would be better able to maintain discipline in classes with younger children than in the higher grades. There is no doubt in our mind that given the same factual situation, precisely the same treatment would have been accorded to a male teacher.

The final complaint of plaintiff pertains to the fact that for the year 1972–1973 she was not given an annual increment in salary (which is referred to in the evidence as a "merit" increase in compensation). Whether such an increase was warranted was a matter resting in the sound discretion of the school board after hearing the recom-

mendation of the superintendent. In making this and other determinations respecting teachers, the board and the superintendent relied on the periodic "evaluations" which were made by the principals of the various schools. The "evaluations" made by the plaintiff's principal amply warranted the board in finding that plaintiff's overall performance as a teacher did not justify the grant to her of the "merit" increase. Plaintiff was not entitled to such an increase as a matter of right. See *Morey v. Independent School District*, 312 F.Supp. 1257, 1262 (D.C.Minn.1969), affirmed on district court's opinion, 429 F.2d 428 (8 Cir. 1970). And again, we are convinced that plaintiff's sex was not a consideration in the decision of the board or recommendation of the superintendent.

We have considered the fact, stressed by plaintiff, that a non-tenured female teacher who held a comparable position in the other junior high school, was discharged for incompetence. We have also taken note of a delay in submitting to plaintiff her teaching contract. However, the only legal effect of such delay was to automatically renew her previous year's contract on the same terms. See Sections 168.106 and 168.108 RSMo. So, too, we have not overlooked the further fact that during Dr. Kohn's incumbency three male and no female music teachers were appointed to teaching positions. There is, however, no credible evidence that any competent female music teacher either sought or was denied employment in the school system. Whatever prima facie effect may be attributed to the foregoing was overcome by the overwhelming credible evidence supportive of the defense that the actions complained of by plaintiff were taken by defendants for valid nondiscriminatory reasons wholly unrelated to plaintiff's sex. Such reasons were in no sense pretextual. And, significantly, there is not even a scintilla of evidence of anti-feminine bias generally in the school system. Plaintiff is not entitled to recover under any applicable theory.

The foregoing disposition of this case which we have made on the merits renders moot defendants' contention that the Title VII claim by plaintiff should be dismissed for lack of jurisdiction in that it was untimely filed. See in this connection, *Whitfield v. Certain-Teed Products*, 533 F.2d 353, 360 (8 Cir. 1976).

This memorandum constitutes our findings of fact and conclusions of law. Judgment will be entered in favor of defendants and against plaintiff.