Sally DILLON, et al., Plaintiffs,

v.

FIBERBOARD CORPORATION, et al., Defendants.

No. CIV-2-81-72.

United States District Court,
E.D. Tennessee,
Northeastern Division.

April 12, 1982.

Paul T. Gillenwater, Knoxville, Tenn., for plaintiffs.

William D. Vines, III, Knoxville, Tenn., for defendant Celotex.

Erma G. Greenwood, Knoxville, Tenn., for defendant Crown Cork & Seal.

William A. Young, Knoxville, Tenn., for defendant Fiberboard Corp.

Fred H. Cagle, Jr., W. Kyle Carpenter, Knoxville, Tenn., for defendant Johns-Manville.

Dennis R. McClane, Lewis C. Woolf, Knoxville, Tenn., for defendant Owens-Illinois, Inc.

Robert R. Campbell, Knoxville, Tenn., for defendant Owens-Corning Fiberglas Corp.

Meridith C. Bond, Robert A. Crawford, Knoxville, Tenn., for defendant Pittsburg Corning Corp.

Harry P. Odgen, Donald F. Paine, Dwight E. Tarwater, Knoxville, Tenn., for defendant Raybestos-Manhattan, Inc.

Hugh J. Moore, Jr., Carter J. Lynch, III, Chattanooga, Tenn., for defendant Ruberoid Company, Div. of Ga.

Jack B. Draper, Knoxville, Tenn., for defendant Standard Asbestos Mfg.

John W. Baker, Jr., Knoxville, Tenn., for defendant Unarco Industries, Inc.

## MEMORANDA OPINIONS AND ORDERS

NEESE, District Judge.

This is a diversity-action in which the plaintiff seeks to recover for the wrongful

death of her husband, allegedly the result of his exposure to products containing asbestos manufactured and sold by the 20 defendants. 28 U.S.C. §§ 1332(a)(1), (c). Nearly a year and 3 months after she commenced this action, the plaintiff moved for leave to amend her complaint herein so as to allege also this Court's admiralty and maritime jurisdiction under 28 U.S.C. § 1333(1) [1] and 46 U.S.C. §§ 740 [2] and 761.[3] A magistrate of this district recommended, 28 U.S.C. § 636(b)(1)(B): (1) that the motion to amend be denied, and (2) that the motion of the defendants for a summary judgment be granted. The plaintiff served and filed timely written objection to the first such recommendation.

## I

The magistrate deemed the proposed amendment of the plaintiff insufficient, as a matter of law, to invoke this Court's admiralty and maritime jurisdiction and, accordingly, recommended its denial. *See Banque de Depots v. National Bank of Detroit*, C.A.6th (1974), 491 F.2d 753, 757[7] (where proposed amendment appears to be insufficient as a matter of law, it may be denied).[4] The plaintiff argues, however, that she should be allowed at a minimum to allege such jurisdiction, and she appears to have evidence to offer relating arguably to the existence thereof. (The plaintiff also

---

**1.** "The district courts shall have original jurisdiction, exclusive of the courts of the States, of * * * [a]ny civil case of admiralty or maritime jurisdiction * * *." 28 U.S.C. § 1333(1).

**2.** "The admiralty and maritime jurisdiction of the United States shall extend to and include all cases of damages or injury, to person or property, caused by a vessel on navigable water, notwithstanding that such damage or injury be done or consummated on land." 46 U.S.C. § 740.

**3.** "Whenever the death of a person shall be caused by wrongful act, neglect, or default occurring on the high seas beyond a marine league from the shore of any State, or the District of Columbia, or the Territories or dependencies of the United States, the personal representative of the decedent may maintain a suit for damages in the district courts of the United States, in admiralty, for the exclusive benefit of the decedent's wife, husband, parent, child, or dependent relative against the vessel,

---

requested an oral hearing on such motion. *See* Local Rule 12(c).)

As was recognized by the magistrate, the attempt of the plaintiff to assert a maritime-tort within this Court's admiralty jurisdiction appears rather far-fetched at first blush: it is undisputed that the only basis for such jurisdiction is the plaintiff's contention that, from 1943 through 1946, her decedent served in the United States Navy on Guam as a machinist's-mate; and that during this period, while repairing ships, he came into contact with asbestos-containing materials allegedly manufactured or sold by the defendants herein. This, the plaintiff would apparently claim, proximately caused the death of her decedent more than 30 years afterward.

The parties appear to agree that, before the plaintiff could invoke this Court's admiralty jurisdiction, the wrongs allegedly perpetrated on her husband by these 20 defendants must have borne " * * * a significant relationship to traditional maritime activity. * * * " *Executive Jet Aviation v. Cleveland* (1972), 409 U.S. 249, 268, 93 S.Ct. 493, 504, 34 L.Ed.2d 454, 467[4]; *accord White v. Johns-Manville Corp.*, C.A.4th (1981), 662 F.2d 234, 239[1], certiorari denied (1982), 454 U.S. 1163, 102 S.Ct. 1037, 71 L.Ed.2d 319; *Roberts v. Grammer*, D.C. Tenn. (1977), 432 F.Supp. 16, 17[1]. The

---

person, or corporation which would have been liable if death had not ensued." 46 U.S.C. § 761.

Exactly how the foregoing would apply herein is wholly unclear: there is no suggestion that the death of Mr. Dillon was caused by a wrongful act, neglect, or default of any defendant which occurred on the high seas beyond a marine league from shore. Even without this statute, it is now clear " * * * that an action does lie under general maritime law for death caused by violation of maritime duties. * * * " *Moragne v. States Marine Lines* (1970), 398 U.S. 375, 409, 90 S.Ct. 1772, 1792, 26 L.Ed.2d 339, 361[19].

**4.** *Accord: Neighborhood Develop. v. Advisory Council, Etc.*, C.A.6th (1980), 632 F.2d 21, 23[1] ("It is well settled that the district court may deny a motion for leave to amend a complaint if such complaint, as amended, could not withstand a motion to dismiss.")

plaintiff apparently thinks that, if given the opportunity, she can establish this relationship by proof.

██ ·Under these circumstances, the Court believes the appropriate procedure is to allow the plaintiff to amend her complaint, and for the Court thereupon to determine whether its admiralty-jurisdiction has been invoked properly. The Court will treat the opposition of the defendants to the allowance of such amendment as a suggestion of lack of jurisdiction under Rule 12(h)(3), Federal Rules of Civil Procedure, and will proceed to determine factually whether such jurisdiction exists. *See Hopkins v. Wasson,* D.C.Tenn. (1962), 227 F.Supp. 278, 279[3], affirmed C.A.6th (1964), 329 F.2d 67, certiorari denied (1964), 379 U.S. 854, 85 S.Ct. 102, 13 L.Ed.2d 57.

The Court understands that, by her proposed amendment, the plaintiff seeks to hold the multiple-defendants strictly liable to her for a tort committed against her decedent upon the high seas as well as for negligence and breach of warranties while such decedent (her husband) was serving in the naval forces of the United States. It appears that: " * * * 'Every species of tort, however occurring, * * * if upon * * * navigable waters, is of admiralty cognizance.' * * * " *Executive Jet Aviation v. Cleveland, supra,* 409 U.S. at 254, 93 S.Ct. at 497, 34 L.Ed.2d at 459. " * * * '[B]ut the main business of the [admiralty (as in original)] court involves claims for cargo damage, collision, seaman's injuries and the like' * * *." *Ibid.,* 409 U.S. at 254, 93 S.Ct. at 497, 34 L.Ed.2d at 459.

However:

    *     *     *     *     *     *

" '[T]he maritime law, as recognized in the federal courts, * * * [includes] * * * an important exception * * * in the case of maintenance and cure. From its dawn, the maritime law has recognized the seaman's right to maintenance and cure for injuries suffered in the course of his service on his vessel * * *.' "

*Ibid.,* 409 U.S. at 259–260, 93 S.Ct. at 500, ·34 L.Ed.2d at 462. Furthermore: " * * *

'In both death and injury cases … it is evident that * * * distinctions based on locality often are quite relevant where water vessels are concerned.' * * * " *Ibid.,* 409 U.S. at 266, 93 S.Ct. at 503, 34 L.Ed.2d at 466. " * * * Under the locality test, the tort 'occurs' where the alleged negligence took effect. * * * " *Ibid.,* 409 U.S. at 266, 93 S.Ct. at 503, 34 L.Ed.2d at 266[3].

██ Under the proposed allegations of the plaintiff, the problem of "locality" for maritime and admiralty-law purposes appears minimal; a tort or breach occurring aboard a war-vessel of the United States, if such be the case, would appear to meet the "locality" requirement. Assuming a meeting successfully of the "locality" test does not suggest a meeting of the concomitant predicate for admiralty jurisdiction; *i.e.,* the plaintiff must show in addition to "locality" a significant relationship between the wrong of the defendants and " * * * traditional maritime activity. * * * " *Ibid.,* 409 U.S. at 268, 93 S.Ct. at 504, 34 L.Ed.2d at 467 *cf.* [4].

The jurisdictional hearing allowed, therefore, will be limited to the plaintiff's effort to show

a significant relationship between: (a) a tortious sale by the defendants of an asbestos-product which was at the pertinent time defective and unreasonably dangerous to such decedent, as a user thereof, or negligence, or breach of a warranty, and (b) such decedent's injury and subsequent death as related to traditional maritime activity in a manner familiar to the law of admiralty.

No closer than 10 calendar-days to the date of such hearing, each adversary counsel will provide the Court through the clerk with a memorandum (in as brief form as feasible) of authorities contended to be most relevant to the facts likely to be developed on the hearing.

·The motion of the plaintiff for leave to amend her complaint hereby is GRANTED. Rule 15(a), Federal Rules of Civil Procedure. The matter of the existence of this Court's admiralty- and maritime-jurisdic-

tion is assigned for an evidentiary hearing [5] to commence Monday, May 24, 1982 at 12:30 o'clock, p.m., or as soon thereafter as the matter can be reached on the Court's calendar. The recommendation of the magistrate in this regard hereby is MODIFIED accordingly. 28 U.S.C. § 636(b)(1).

## II

No timely written objection to the recommendation of the magistrate, that the motion of the defendants for a summary judgment on the claim of the plaintiff under the Texas Wrongful Death Statute be granted, having been served and filed, such recommendation hereby is ACCEPTED. *Idem.* As to such claim, the motion of the defendants for summary judgment hereby is GRANTED; summary judgment will enter that the plaintiff take nothing from the defendants on such claim only. Rule 56(c), Federal Rules of Civil Procedure.

---

**5.** Of course, as was stated by Chief Justice Hughes many years ago:

> * * * [Jurisdictional conditions] are conditions which must be met by the party who seeks the exercise of jurisdiction in his favor. He must allege in his pleadings the facts essential to show jurisdiction. If he fails to make the necessary allegations he has no standing. If he does make them, an inquiry into the existence of jurisdiction is obviously for the purpose of determining whether the facts support his allegations. In the nature of things, the authorized inquiry is primarily directed to the one who claims that the power of the court should be exerted in his behalf. As he is seeking relief subject to this supervision, it follows that he must carry throughout the litigation the burden of showing that he is properly in court. The authority which the statute vests in the court to enforce the limitations of its jurisdiction precludes the idea that jurisdiction may be maintained by mere averment or that the party asserting jurisdiction may be relieved of his burden by any appropriate manner, he must support them by competent proof. And where they are not so challenged the court may still insist that the jurisdictional facts be established or the case be dismissed, and for that purpose, the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence. We think that only in this way may the practice of the District Courts be harmonized with the true intent of the statute which clothes them with adequate authority and imposes upon them a correlative duty.
>
> * * * * * *

*McNutt v. General Motors Accept. Corp.* (1936), 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135, 1141.